UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARTHUR BELFIORE,

                          Plaintiff (s),

        -against-

979 THIRD AVENUE ASSOCIATES, LLC,
D&D BUILDING COMPANY, LLC, COHEN
BROTHERS REALTY CORPORATION and
TRICON CONSTRUCTION SERVICES, INC.,

                          Defendant(s).
------------------------------------------------------------------x

ECF CASE

Civil #: 08-CV-2365
(     ) (RLE)

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

**VERIFIED COMPLAINT**

       Plaintiff, complaining of the defendants, by his attorneys, WAGNER & WAGNER, LLP, hereby alleges the following upon information and belief:

### JURISDICTIONAL ALLEGATIONS

### Subject Matter Jurisdiction – Diversity of Citizenship

1. That at all times hereinafter mentioned, the Plaintiff was, at all times mentioned herein, and still is a citizen and resident of the State of New Jersey.

2. That at all times hereinafter mentioned, upon information and belief, defendant, 979 Third Avenue Associates, LLC, was, at all times mentioned herein, and still is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, defendant, D&D Building Company, LLC, was, at all times mentioned herein, and still is a

limited liability company duly formed and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, defendant, Cohen Brothers Realty Corporation, was, at all times mentioned herein, and still is a corporation duly formed and existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, defendant, Tricon Construction Services, Inc., was, at all times mentioned herein, and still is a corporation duly formed and existing under and by virtue of the laws of the State of New York.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the plaintiff is a citizen and resident of the State of New Jersey; the defendant, 979 Third Avenue Associates, LLC, is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York; the defendant, D&D Building Company, LLC, is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York; the defendant, Cohen Brothers Realty Corporation is a corporation duly formed and existing under and by virtue of the laws of the State of New York; the defendant, Tricon Construction Services, Inc., is a corporation duly formed and existing under and by virtue of the laws of the State of New York; and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

## Venue

7. The venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(a), in that jurisdiction is founded only on diversity of citizenship and the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "7" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

9. That this action falls within one or more of the exemptions set forth in CPLR § 1602.

10. That at all times hereinafter mentioned and upon information and belief, defendant, 979 Third Avenue Associates, LLC, owned the premises known as and by 979 Third Avenue, in the City, County and State of New York (hereinafter, "the Premises.")

11. That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, operated the Premises.

12. That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, maintained the Premises.

13. That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, controlled the Premises.

14. That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, managed the Premises.

15. That at all times hereinafter mentioned, and upon information and belief, and on or prior to November 22, 2005, defendant, Tricon Construction Services, Inc., was hired and/or retained to act as a contractor for construction, renovation, alternation and/or demolition at the Premises.

16. That at all times hereinafter mentioned, and upon information and belief, and on or prior to November 22, 2005, defendant, Tricon Construction Services, Inc., was hired and/or retained pursuant to a written contract and/or agreement to perform construction, renovation, alternation and/or demolition at the Premises.

17. Upon information and belief, that at all times herein mentioned, All Kindza Flooring, Inc. was a corporation duly organized and existing under and by virtue of the laws of the State of New York or was a foreign corporation authorized to transact business in the State of New York

18. That at all times hereinafter mentioned and prior thereto and on or prior to November 22, 2005, All Kindza Flooring, Inc. was hired and/or retained pursuant to a written contract and/or agreement to perform construction, renovation, alteration and/or demolition work at the Premises.

19. That at all times hereinafter mentioned and prior thereto and on or prior to November 22, 2005, All Kindza Flooring, Inc., hired and/or retained plaintiff, Arthur Belfiore, to perform construction, renovation, alteration and/or demolition work at the Premises.

20. That plaintiff,. Arthur Belfiore, was employed, hired and/or retained by All Kindza Flooring, Inc., pursuant to a written or oral contract or agreement.

21. That on November 22, 2005, the plaintiff, Arthur Belfiore, was an employee of All Kindza Flooring, Inc.

22. That at all times hereinafter mentioned and prior thereto and on or prior to November 22, 2005, the defendants, their agents, servants and/or employees were engaged in performing construction, renovation, alteration and/or demolition work, labor and/or services at the Premises.

23. That on November 22, 2005, plaintiff, Arthur Belfiore, was instructed to perform construction, renovation, alteration and/or demolition work at the Premises by his employer, All Kindza Flooring, Inc.

24. That the defendants, jointly and/or severally, directly and/or indirectly, through their agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work upon the Premises (hereinafter "worksite.")

25. That the defendants, jointly and/or severally, directly and/or indirectly, through their agents, servants and/or employees had the non-delegable duty to see that the worksite was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

26. That on November 22, 2005, while plaintiff, Arthur Belfiore, was lawfully and carefully working at the Premises, he was caused to fall by reason of the negligence of the defendants, their agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, rehabilitation and/or alteration of the said premises.

27. That as a result of the foregoing, plaintiff, Arthur Belfiore, sustained personal injuries.

28. That the defendants, their agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises under the common law standards of negligence of the State of New York.

29. That the defendants, their agents, servants and/or employees were further negligent, reckless and careless in the ownership, operation, maintenance, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe ramp; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York, including Labor Law

Sections 240(1), 241(6) and 200 and the provisions of the Industrial Code as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that said worksite was safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling on said ramp.

30. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the worksite.

31. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

32. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, and has otherwise been damaged in the sum of One Million ($1,000,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

34. That on November 22, 2005, there existed in full force and effect within the State of New York, Section 200 of the Labor Law of the State of New York.

35. That by reason of the negligence of the defendants as aforesaid, the said defendants violated Section 200 of the Labor Law of the State of New York.

36. That by reason of the foregoing, the plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars.

### AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

38. That on November 22, 2005, there existed in full force and effect within the State of New York, Section 240 of the Labor Law of the State of New York.

39. That by reason of the negligence of the defendants as aforesaid, the said defendants violated Section 240 of the Labor Law of the State of New York.

40. That by reason of the foregoing, the plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION

41. Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

42. That on November 22, 2005, there existed in full force and effect within the State of New York, Section 241 of the Labor Law of the State of New York.

43. That by reason of the negligence of the defendants as aforesaid, the said defendants violated Section 241 of the Labor Law of the State of New York.

44. That by reason of the foregoing, the plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars.

### AS AND FOR A FIFTH CAUSE OF ACTION

45. Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

46. That on November 22, 2005, there existed in full force and effect within the State of New York, Rule 23 of the Industrial Code of the State of New York.

47. That by reason of the negligence of the defendants as aforesaid, the said defendants violated the applicable sections of Rule 23 of the Industrial Code of the State of New York.

48. That by reason of the foregoing, the plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, Plaintiffs demand judgment against the defendants in the sum of One Million ($1,000,000.00) Dollars on the First Cause of Action; One Million ($1,000,000.00) Dollars on the Second Cause of Action; One Million ($1,000,000.00) Dollars on the Third Cause of Action; One Million ($1,000,000.00) Dollars on the Fourth Cause of Action; One Million ($1,000,000.00) Dollars on the Fifth Cause of Action; all together with the costs and disbursement of this action.

Dated: Staten Island, New York
       March 5, 2008

Yours, etc.

*[signature: Edward Wagner]*

EDWARD WAGNER, ESQ.

**WAGNER & WAGNER, LLP**
Attorneys for Plaintiff(s)
Office and Post Office Address
2508 Amboy Road
Staten Island, New York 10306
(718) 667-7400

## INDIVIDUAL VERIFICATION

State of New York         )
                          )   s.s.:
County of Richmond        )

Arthur Belfiore, being duly sworn, deposes and says that I am a Plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

x _____
  Arthur Belfiore

Sworn to before me this 5th
day of March, 20 08

_____
Notary Public

EDWARD WAGNER
Notary Public, State of New York
No. 43-4880446
Qualified in Richmond County
Commission Expires Dec. 15, 2010

UNITED STATES DISTRICT COURT                              Civil #: 08-CV-_____
SOUTHERN DISTRICT OF NEW YORK                                    (        ) (        )

---

ARTHUR BELFIORE,

*Plaintiff(s),*

against

979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION and TRICON CONSTRUCTION SERVICES, INC.,

*Defendant(s).*

---

**VERIFIED COMPLAINT**

---

WAGNER & WAGNER, LLP
Attorneys for Plaintiff(s)
2508 Amboy Road
Staten Island, New York 10306
(718) 667-7400