UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x   08 CV 2365
ARTHUR BELFIORE,

        Plaintiff,

   v.                                               **VERIFIED ANSWER TO**
                                                            **COMPLAINT**
979 THIRD AVENUE ASSOCIATES, LLC, D&D            **JURY DEMANDED**
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION AND TRICON
CONSTRUCTION SERVICES, INC.,

        Defendants.
----------------------------------------x

    Defendants, 979 Third Avenue Associates, LLC, D&D Building Company LLC and Cohen Brothers Realty Corporation, by their attorneys, HOEY, KING, TOKER & EPSTEIN, answer the Complaint of the Plaintiff by stating as follows:

    1.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

    2.   Admit the allegations of paragraph 2.

    3.   Admit the allegations of paragraph 3.

    4.   Admit the allegations of paragraph 4.

    5.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

    6.   Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and respectfully refers all questions of law to this Honorable Court.

7.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and respectfully refers all questions of law to this Honorable Court.

8.  Respond to paragraph 8 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

9.  Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and respectfully refers all questions of law to this Honorable Court.

10. Admit the allegations of paragraph 10.

11. Deny, upon information and belief, the allegations of paragraph 11 and respectfully refers all questions of law to this Honorable Court.

12. Deny, upon information and belief, the allegations of paragraph 12 and respectfully refers all questions of law to this Honorable Court.

13. Deny, upon information and belief, the allegations of paragraph 13 and respectfully refers all questions of law to this Honorable Court.

14. Deny, upon information and belief, the allegations of paragraph 14 and respectfully refers all questions of law to this Honorable Court.

15. Deny, upon information and belief, the allegations of paragraph 15.

16. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Deny, upon information and belief, the allegations of paragraph 22 and respectfully refers all questions of law to this Honorable Court.

23. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and respectfully refers all questions of law to this Honorable Court.

25. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and respectfully refers all questions of law to this Honorable Court.

26. Deny, upon information and belief, the allegations of paragraph 26.

27. Deny, upon information and belief, the allegations of paragraph 27.

28. Deny, upon information and belief, the allegations of paragraph 28.

29. Deny, upon information and belief, the allegations of paragraph 29.

30. Deny, upon information and belief, the allegations of paragraph 30.

31. Deny, upon information and belief, the allegations of paragraph 31.

32. Deny, upon information and belief, the allegations of paragraph 32.

33. Respond to paragraph 33 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

34. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and respectfully refers all questions of law to this Honorable Court.

35. Deny, upon information and belief, the allegations of paragraph 35.

36. Deny, upon information and belief, the allegations of paragraph 36.

37. Respond to paragraph 37 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs

referred to therein with the same force and effect as if herein set forth at length.

38. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and respectfully refers all questions of law to this Honorable Court.

39. Deny, upon information and belief, the allegations of paragraph 39.

40. Deny, upon information and belief, the allegations of paragraph 40.

41. Respond to paragraph 41 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

42. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and respectfully refers all questions of law to this Honorable Court.

43. Deny, upon information and belief, the allegations of paragraph 43.

44. Deny, upon information and belief, the allegations of paragraph 44.

45. Respond to paragraph 45 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

46. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and respectfully refers all questions of law to this Honorable Court.

47. Deny, upon information and belief, the allegations of paragraph 47.

48. Deny, upon information and belief, the allegations of paragraph 48.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

49. The injuries alleged to have been suffered by the Plaintiff were caused, in whole or part, by the conduct of Plaintiff. Plaintiff's claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

50. The injuries and damages alleged in the Complaint were caused or contributed to by the culpable conduct including contributory negligence, assumption of the risk and/or product misuse of persons over whom these Defendants had no authority or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

51. Pursuant to CPLR Article 16, the liability of these Defendants to the Plaintiff for non-economic loss shall not exceed the equitable share of these Defendants determined in accordance with

the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

52. That recovery, if any, on the Complaint of the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

53. That if it is determined that these answering Defendants are responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

**AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST: TRICON CONSTRUCTION SERVICES, INC.**

54. If any plaintiff recovers against these Defendants, then these Defendants will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

**AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST: TRICON CONSTRUCTION SERVICES, INC.**

55. If any plaintiff recovers against these Defendants, then these Defendants will be entitled to be indemnified and to recover the full amount of any judgment from Tricon Construction Services, Inc.

**AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNITY AGAINST: TRICON CONSTRUCTION SERVICES, INC.**

56. At the time of the accident alleged in the complaint a contract was in effect between these Defendants and Tricon Construction Services, Inc..

57. The contract required Tricon Construction Services, Inc. to indemnify and, or hold harmless these Defendants for all claims, losses, liability and damages for any injury to any person.

58. Tricon Construction Services, Inc. breached the contract and is obligated to indemnify these Defendants for any judgment or settlement obtained by any plaintiff in this action including defense costs and attorneys' fees.

**AS AND FOR A CROSS-CLAIM FOR BREACH OF CONTRACT FOR FAILURE TO NAME ON INSURANCE POLICY AGAINST: TRICON CONSTRUCTION SERVICES, INC.**

59. At the time of the accident alleged in the complaint a contract was in effect between these Defendants and Tricon Construction Services, Inc.

60. The contract required Tricon Construction Services, Inc. to purchase liability insurance for the benefit of these Defendants.

61. Tricon Construction Services, Inc. failed to purchase the insurance required and thereby breached the contract.

62. By reason of the foregoing, Tricon Construction Services, Inc. is liable to these answering Defendants for all damages resulting from the breach including defense costs and attorneys' fees.

WHEREFORE, these Defendants demand judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against these Defendants, then these Defendants further demand that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and these Defendants further demand judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: March 20, 2008
      New York, New York

    Yours, etc.

    HOEY, KING, TOKER & EPSTEIN
    Attorneys for **Defendants**
    **979 THIRD AVENUE ASSOCIATES, LLC**
    **D&D BUILDING COMPANY LLC AND COHEN**
    **BROTHERS REALTY CORPORATION**
    Office and Post Office Address
    55 Water Street, 29th Floor
    New York, New York 10041-2899
    (212) 612-4200

    By: _/s/ Angela P. Pensabene_
    Angela P. Pensabene (APP 3511)

To:

Wagner & Wagner, LLP
Attorneys for Plaintiff, Arthur Belfiore
2508 Amboy Road
Staten Island, New York 10306

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x      08 CV 2365
ARTHUR BELFIORE,

                Plaintiff,                   **AFFIDAVIT OF SERVICE**

        v.

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION AND TRICON CONSTRUCTION
SERVICES, INC.,

                Defendants.
--------------------------------------x
STATE OF NEW YORK  )
                       ss.
COUNTY OF NEW YORK )
```

Maria SanJose, being duly sworn, deposes and says:

1. That I am over the age of eighteen years and not a party to this action and reside in the City of Brooklyn, County of Kings and the State of New York.

2. That on March 20, 2008, I served upon:

   Wagner & Wagner, LLP
   Attorneys for Plaintiff, Arthur Belfiore
   2508 Amboy Road
   Staten Island, New York 10306

A true copy of the annexed **VERIFIED ANSWER TO COMPLAINT AND FEDERAL AND RULE 7.1 STATEMENT** by depositing it endorsed in a postpaid properly addressed wrapper, in a post office or, official depository under the exclusive care and custody of the United States Postal Service within the State of New York, at

Case 1:08-cv-02365-LAP-RLE    Document 3    Filed 03/20/2008    Page 11 of 13

```
the address designated by him or her upon the last paper served
by him or her in the action.

DATED: March 20, 2008
       New York, New York
                                        _____
                                              Maria SanJose

Sworn and subscribed
Before me on March 20, 2008

_____
Notary Public
```

HELANE SOLOMON
Notary Public, State of New York
No. 41-4918530
Qualified in Queens County
Commission Expires February 1, 20 10

08 CV 2365

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTHUR BELFIORE,

        Plaintiff,

    -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION AND TRICON CONSTRUCTION SERVICES, INC.,

        Defendants.

---

**VERIFIED ANSWER TO COMPLAINT AND FEDERAL AND RULE 7.1 STATEMENT**

---

HOEY, KING, TOKER & EPSTEIN
Attorneys for Defendants
**979 Third Avenue Associates, LLC, D&D Building Company LLC
and Cohen Brothers Realty Corporation**
Office and Post Office Address
55 Water Street, 29th Floor
New York, New York 10041-2899
(212) 612-4200