UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ARTHUR BELFIORE,

        Plaintiffs,       ***ANSWER***

                  DEFENDANT DEMANDS A
                  TRIAL BY JURY

  -against-           ***Case No.  08-CV-2365***
                 ***(LAP)(RLE)***

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

        Defendant(s).

-----------------------------------------------------------------------x

   Defendant, TRICON CONSTRUCTION SERVICES, INC., by its attorneys, ABRAMS,

GORELICK, FRIEDMAN & JACOBSON, P.C., as and for its Answer to plaintiff's Verified

Complaint allege, upon information and belief, as follows:

       **IN RESPONSE TO JURISDICTIONAL ALLEGATIONS**

    **In Response to Subject Matter Jurisdiction – Diversity of Citizenship**

  1.  Denies knowledge or information sufficient to form a belief as to the truth of each

    and every allegation set forth in paragraph "1" of the Verified Complaint.

  2.  Denies knowledge or information sufficient to form a belief as to the truth of each

    and every allegation set forth in paragraph "2" of the Verified Complaint.

  3.  Denies knowledge or information sufficient to form a belief as to the truth of each

    and every allegation set forth in paragraph "3" of the Verified Complaint.

  4.  Denies knowledge or information sufficient to form a belief as to the truth of each

    and every allegation set forth in paragraph "4" of the Verified Complaint.

5.      Admits each and every allegation set forth in paragraph "5" of the Verified

Complaint.

6.      To the extent that a response to paragraph "6" of the Verified Complaint is

required, the Court is respectfully referred to plaintiff's Verified Complaint,

which speaks for itself and defendant refers all questions of law to the Court for

determination.

**In Response to Venue**

7.      To the extent that a response to paragraph "7" of the Verified Complaint is

required, the Court is respectfully referred to plaintiff's Verified Complaint,

which speaks for itself and the answering defendant refers all questions of law to

the Court for determination.

**IN RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION**

8.      Repeats, reiterates and realleges each and every response to paragraphs

designated "1" through "7", inclusive, of the Verified Complaint in answer to

paragraph designated "8" of the Verified Complaint, with the same force and

effect as if fully contained herein.

9.      Denies each and every allegation contained in paragraph "9" of the Verified

Complaint and refers all questions of law to the Court for determination.

10.     Denies knowledge or information sufficient to form a belief as to the truth of each

and every allegation set forth in paragraph "10" of the Verified Complaint.

11.     Denies each and every allegation contained in paragraph "11" of the Verified

Complaint and refers all questions of law to the Court for determination.

12.    Denies each and every allegation contained in paragraph "12" of the Verified Complaint and refers all questions of law to the Court for determination.

13.    Denies each and every allegation contained in paragraph "13" of the Verified Complaint and refers all questions of law to the Court for determination.

14.    Denies each and every allegation contained in paragraph "14" of the Verified Complaint and refers all questions of law to the Court for determination.

15.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "15" of the Verified Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "16" of the Verified Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "17" of the Verified Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "18" of the Verified Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "19" of the Verified Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "20" of the Verified Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "21" of the Verified Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "22" of the Verified Complaint.

23.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "23" of the Verified Complaint.

24.   Denies each and every allegation contained in paragraph "24" of the Verified Complaint and refers all questions of law to the Court for determination.

25.   Denies each and every allegation contained in paragraph "25" of the Verified Complaint and refers all questions of law to the Court for determination.

26.   Denies each and every allegation contained in paragraph "26" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

27.   Denies each and every allegation contained in paragraph "27" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC.

28.   Denies each and every allegation contained in paragraph "28" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

29.   Denies each and every allegation contained in paragraph "29" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

30.   Denies each and every allegation contained in paragraph "30" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

31.   Denies each and every allegation contained in paragraph "31" of the Verified Complaint.

32.    Denies each and every allegation contained in paragraph "32" of the Verified Complaint.

**IN RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION**

33.    Repeats, reiterates and realleges each and every response to paragraphs designated "1" through "32", inclusive, of the Verified Complaint in answer to paragraph designated "33" of the Verified Complaint, with the same force and effect as if fully contained herein.

34.    Denies each and every allegation contained in paragraph "34" of the Verified Complaint and refers all questions of law to the Court for determination.

35.    Denies each and every allegation contained in paragraph "35" of the Verified Complaint and refers all questions of law to the Court for determination.

36.    Denies each and every allegation contained in paragraph "36" of the Verified Complaint.

**IN RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION**

37.    Repeats, reiterates and realleges each and every response to paragraphs designated "1" through "36", inclusive, of the Verified Complaint in answer to paragraph designated "37" of the Verified Complaint, with the same force and effect as if fully contained herein.

38.    Denies each and every allegation contained in paragraph "38" of the Verified Complaint and refers all questions of law to the Court for determination.

39.    Denies each and every allegation contained in paragraph "39" of the Verified Complaint and refers all questions of law to the Court for determination.

40.     Denies each and every allegation contained in paragraph "40" of the Verified Complaint.

## IN RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION

41.     Repeats, reiterates and realleges each and every response to paragraphs designated "1" through "40", inclusive, of the Verified Complaint in answer to paragraph designated "41" of the Verified Complaint, with the same force and effect as if fully contained herein.

42.     Denies each and every allegation contained in paragraph "42" of the Verified Complaint and refers all questions of law to the Court for determination.

43.     Denies each and every allegation contained in paragraph "43" of the Verified Complaint and refers all questions of law to the Court for determination.

44.     Denies each and every allegation contained in paragraph "44" of the Verified Complaint.

## IN RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION

45.     Repeats, reiterates and realleges each and every response to paragraphs designated "1" through "44", inclusive, of the Verified Complaint in answer to paragraph designated "45" of the Verified Complaint, with the same force and effect as if fully contained herein.

46.     Denies each and every allegation contained in paragraph "46" of the Verified Complaint and refers all questions of law to the Court for determination.

47.     Denies each and every allegation contained in paragraph "47" of the Verified Complaint and refers all questions of law to the Court for determination.

48.  Denies each and every allegation contained in paragraph "48" of the Verified
     Complaint.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

49.  The Verified Complaint should be dismissed, in whole or in part, because it fails
     to state a claim against this answering defendant upon which relief can be granted.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE

50.  All claims should be dismissed to the extent that plaintiff did not satisfy all
     jurisdictional prerequisites or statutory conditions precedent to suit.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE

51.  This Court lacks subject matter jurisdiction over this action.

### AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

52.  Without in any way waiving her objections to the jurisdiction of this Court, the
     answering defendant states that the venue is improper and laid in the wrong
     district.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

53.  All claims should be dismissed to the extent that they are barred by the applicable
     Statutes of Limitations and/or the doctrine of laches.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

54.  To the extent that plaintiff's claims are compensable, in whole or in part, under
     the New York Worker's Compensation Law, those claims are barred by the
     exclusive remedy provision contained in the New York Worker's Compensation
     Law.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

55.    To the extent that plaintiff failed to make good faith and diligent efforts to
mitigate his purported damages and injuries, any relief awarded should be denied
or diminished, in whole or in part.

## AND AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

56.    If the plaintiff sustained injuries and/or damages, at the time and/or place and/or
in the manner alleged in his Verified Complaint (which is expressly denied), said
injuries and/or damages were, in whole or in part, the result of plaintiff's own
culpable conduct, including, but not limited to, negligence, carelessness,
recklessness and/or assumption of risk.

57.    By reason of the foregoing, this answering defendant demand that the amount of
any damages recovered or any judgment received by plaintiff be reduced
accordingly, pursuant to the common law and CPLR § 1411, in the proportion to
which the culpable conduct attributable to plaintiff bears to the culpable conduct
which caused the injuries and/or damages.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

58.    If plaintiff has received or will receive remuneration and/or compensation for
some or all of his claimed economic loss, defendant is entitled to have plaintiff's
award, if any, reduced by the amount of that remuneration and/or compensation,
pursuant to § 4545(c) of the Civil Practice Law and Rules.

## AND AS FOR A TENTH AFFIRMATIVE DEFENSE

59.    If the plaintiff was damaged as alleged in his Verified Complaint (which is
expressly denied), such damages were the result, in whole or in part, of the

conduct of the plaintiff and/or others over whom this answering defendant

exercised no influence or control and to the extent that defendant may be liable to

the plaintiff, such liability should be in proportion to the percentage that

defendant's conduct relates to the conduct of the plaintiff and/or others in causing

the damage, and apportioned pursuant to Articles 14 and 16 of the CPLR.

## AND AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

60.    That if the injuries and/or damages and the risks incident to the situation

mentioned in the Verified Complaint were open, obvious and apparent, and were

known and assumed by the plaintiff, then his claims are barred by virtue of his

assumption of the risks thereof.

## AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE

61.    That, to the extent that the alleged damages and/or injuries of plaintiff, if any,

were caused or contributed to, in whole or in part, by intervening and superseding

causative factors, the claims of plaintiff against this answering defendant should

be barred.

## AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

62.    Pursuant to the limited liability provisions of § 1601 of the Civil Practice Law and

Rules, this answering defendant's liability, if any, shall be limited to its respective

equitable shares of the total liability.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST CO-DEFENDANTS, 979 THIRD AVENUE ASSOCIATES, LLC, D&D
## BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION

63.    That if the plaintiff was caused to sustain injuries and/or damages at the time and

place and in the manner set forth in the plaintiff's Verified Complaint through any

carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty

and/or warranty and/or contract and/or statute, other than the plaintiff's own

negligence, carelessness, recklessness, or other culpable conduct, said damages

were sustained by reason of the carelessness, recklessness, negligence and/or

affirmative acts of omission and commission including, but not limited to, breach

of contract, and/or warranty and/or statute by the co-defendants, 979 THIRD

AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and

COHEN BROTHERS REALTY CORPORATION, their agents, servants and/or

employees, without any negligence or other culpable conduct on the part of the

answering defendant contributing thereto.

64.    That by reason of the foregoing, the answering defendant will not be liable to the

plaintiff or the co-defendants in the event and in the amount of recovery herein by

the plaintiff, and the answering defendant is entitled to indemnification from the

co-defendants.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST CO-DEFENDANTS, 979 THIRD AVENUE ASSOCIATES, LLC, D&D
## BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION

65.    That if the plaintiff was caused to sustain injuries and/or damages at the time and

place and in the manner set forth in the plaintiff's Verified Complaint through any

carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty

and/or warranty and/or contract and/or statute, or other culpable conduct, other

than the plaintiff's own negligence, carelessness, recklessness, or other culpable

conduct, and if plaintiff should recover a verdict or judgment against the

answering defendant, they will be damaged thereby, and such injuries or damages

10

and verdict or judgment will have been brought about, cause and sustained by reason of the active and/or primary and/or affirmative carelessness, recklessness, negligence, culpable conduct and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute and/or wrongdoing by the co-defendants, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION, their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto or with the negligence, if any, on the part of the answering defendant, which is specifically denied, being merely passive, secondary and/or derivative in nature.  By reason of the foregoing, the answering defendant is entitled to indemnification by said co-defendants, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION.

66.     By reason of the foregoing, if plaintiff recovers any verdict or judgment against the answering defendant, the co-defendants979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION, will be liable to the answering defendant under the doctrine of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportional share thereof, that plaintiff may recover against or from the answering defendant, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim, and the answering defendant will not be liable to

the co-defendants, 979 THIRD AVENUE ASSOCIATES, LLC, D&D

BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY

CORPORATION, in the event and in the amount of any recovery herein by the

plaintiff.

WHEREFORE, the answering defendant, the answering defendant, TRICON

CONSTRUCTION SERVICES, INC., demands judgment dismissing the Verified Complaint as

to it, together with the costs and disbursements of this action, or, in the alternative, demands that

the ultimate rights of the plaintiff, answering defendant, and co-defendants, be determined in this

action with regard to all claims, and cross-claims and that the answering defendant have

judgment over and against the plaintiff, and the co-defendants, each of them, in the proportion

that each of their culpable conduct bears to the entire culpable conduct involved in the

occurrence, and have judgment over and against, and indemnity from the plaintiffs and the co-

defendants together with the costs and disbursements of this action.

Dated: New York, New York
      March 25, 2008

                        ABRAMS, GORELICK, FRIEDMAN &
                        JACOBSON, P.C.
                        Attorneys for Defendant,
                        TRICON CONSTRUCTION SERVICES, INC.

                        By:_____
                            Steven DiSiervi (SD – 2511)
                        One Battery Park Plaza – 4th Floor
                        New York, New York  10004
                        (212) 422-1200

TO:    Edward Wagner, Esq.
       WAGNER & WAGNER, LLP
       Attorney for Plaintiff
       2508 Amboy Road
       Staten Island, New York  10306
       (718) 667-7400

Angela P. Pensabene, Esq.
HOEY, KING, TOKER & EPSTEIN
Attorneys for the Defendants
979 THIRD AVENUE ASSOCIATES, LLC,
D&D BUILDING COMPANY, LLC, and
COHEN BROTHERS REALTY CORPORATION
55 Water Street
29th Floor
New York, New York 10041-2899
(212) 612-4200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARTHUR BELFIORE,

                                    Plaintiffs,

                                                          Case No.  08-CV-2365
                                                          (LAP)(RLE)

        -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                                    Defendant(s).

------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

        I hereby certify that on March 25, 2008, the foregoing Answer was filed with the Clerk of
the Court and served in accordance with the Southern District's Rules on Electronic Service and
Local Rule 5.2 upon the following:

Edward Wagner, Esq.                     Angela P. Pensabene, Esq.
WAGNER & WAGNER, LLP                    HOEY, KING, TOKER & EPSTEIN
Attorney for Plaintiff                  Attorneys for the Defendants
2508 Amboy Road                         979 THIRD AVENUE ASSOCIATES, LLC
Staten Island, New York  10306          D&D BUILDING COMPANY, LLC, and
(718) 667-7400                          COHEN BROTHERS REALTY
                                        CORPORATION
                                        55 Water Street
                                        29th Floor
                                        New York, New York 10041-2899
                                        (212) 612-4200

                                        Respectfully submitted,

                                        _____
                                        Steven DiSiervi (SD – 2511)
                                        Abrams, Gorelick, Friedman
                                        & Jacobson, P.C.
                                        Attorneys for Defendant

TRICON CONSTRUCTION SERVICES, INC.
One Battery Park Plaza
Fourth Floor
New York, New York  10004
(212) 422-1200