UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ARTHUR BELFIORE,

                              Plaintiffs,

         -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                              Defendant(s).

-----------------------------------------------------------------x

TRICON CONSTRUCTION SERVICES, INC.,

                              Third-Party Plaintiff,

         -against-

ALL KINDZA FLOORING, INC.,

                              Third-Party Defendant.

-----------------------------------------------------------------x

***THIRD-PARTY
COMPLAINT***

***Case No.  08-CV-2365
(LAP)(RLE)***

        Defendant / Third-Party Plaintiff, TRICON CONSTRUCTION SERVICES, INC., by its

attorneys, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., as and for its Third-Party

Complaint against the Third-Party Defendant ALL KINDZA FLOORING, INC., alleges, upon

information and belief, as follows:

        1.        Defendant / Third-Party Plaintiff, TRICON CONSTRUCTION SERVICES,

INC., (hereinafter "TRICON") was and still is a New York corporation authorized to conduct

business in the State of New York, having its principal place of business located in New York,

New York.

2.    That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA FLOORING, INC. (hereinafter "ALL KINDZA") was a domestic corporation authorized to conduct business in the State of New York.

3.    That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, was a foreign corporation authorized to conduct business in the State of New York.

4.    That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, was a partnership authorized to do business in the State of New York.

5.    That all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, was a sole proprietorship authorized to do business in the State of New York.

6.    That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, is licensed to conduct business in the State of New York.

7.    That the Plaintiff, ARTHUR BELFIORE, was and still is a citizen and resident of the State of New Jersey.

8.    That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 and Fed. R. Civ. P. 14 in that this is a civil action of which this Court has original jurisdiction, and supplemental jurisdiction is appropriate over the claims herein asserted in that they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

9.    That the Plaintiff, ARTHUR BELFIORE, commenced an action against Defendant / Third-Party Plaintiff, TRICON.  A copy of Plaintiff's Verified Complaint is annexed hereto as Exhibit "A", and the contents therein are incorporated by reference herein as more fully set forth at length.

2

10.    That the Defendant / Third-Party Plaintiff, TRICON, has denied all material allegations in Plaintiff's Verified Complaint.    A copy of Defendant / Third-Party Plaintiff 's Answer is annexed hereto as Exhibit "B".

11.    That at the time of the alleged accident, the Plaintiff, ARTHUR BELFIORE, was working for Third-Party Defendant, ALL KINDZA.

12.    That, at the time of the alleged accident, Third-Party Defendant, ALL KINDZA was hired and/or retained pursuant to written contracts and/or agreements by Defendant / Third-Party Plaintiff, TRICON to perform construction, renovation, alternation, and/or demolition at 979 Third Avenue, New York, New York (hereinafter "the Premises").

13.    That the Third-Party Defendant, ALL KINDZA failed to provide the Plaintiff with a safe place to work, and failed to see that the worksite at the Premises was kept reasonably safe and free from dangers and hazards to those working at the worksite at the Premises.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## ALL KINDZA FLOORING, INC. FOR BREACH OF CONTRACT

14.    Defendant / Third-Party Plaintiff, TRICON, repeats and realleges each and every allegation contained in paragraphs "1" through "12" of this Third-Party Complaint.

15.    That on or before October 30, 2005, the Defendant / Third-Party Plaintiff, TRICON, entered into a contract with ALL KINDZA for the performance of work at the Premises.

16.    That on or before October 30, 2005, the Defendant / Third-Party Plaintiff, TRICON, entered into a written contract with ALL KINDZA for the performance of work at the Premises.

17.    That on or before October 30, 2005, the Defendant / Third-Party Plaintiff, TRICON, entered into an oral contract with ALL KINDZA for the performance of work at the Premises.

18.    That on or before October 30, 2005 ALL KINDA had commenced work at the Premises.

19.    That on or before October 30, 2005, that the worked required from ALL KINDZA was memorialized in a Purchase Orders.

20.    That the Purchase Orders for the work performed at the Premises were executed by Donna Connolly.

21.    That on or before October 30, 2005, Donna Connolly was the Chairman or CEO of ALL KINDZA.

22.    That on or before October 30, 2005, Donna Connolly was the Principal Executive Officer of ALL KINDZA.

23.    That on or before October 30, 2005, Donna Connolly was authorized to execute contracts on behalf of ALL KINDZA.

24.    That ALL KINDZA performed the work as specified in the written Purchase Orders at the Premises.

25.    That ALL KINDZA was paid for the work it performed at the Premises.

26.    That ALL KINDZA accepted payment pursuant to the terms of the written Purchase Orders for the work it performed at the Premises.

4

27.     That the Purchase Orders for the ALL KINDZA'S work at the premises was subject to the terms and conditions in the attached rider dated 5/21/99.

28.     That the attached as Exhibit "C" is a true and complete copy of the Purchase Orders and the rider, dated  5/21/99, which was attached to the Purchase Orders for the Premises.

29.     That the terms of the rider, dated 5/21/99, required ALL KINDZA to obtain "Comprehensive General Liability Insurance" and name TRICON as an additional insured.

30.     That on or before October 30, 2005, ALL KINDZA failed to properly obtained a commercial general liability policy naming TRICON as an additional insured.

31.     If the plaintiff sustained the damages in a matter alleged in plaintiff's Complaint, all of which have been specifically denied by defendant/third-party plaintiff, that by reason of ALL KINDZA'S failure to procure insurance and breach of the rider, dated 5/21/99, defendant/third-party plaintiff is entitled to have judgment over and against the third-party defendant for all or any part of the verdict of judgment that plaintiff may recover against defendant/third-party plaintiff, as well as any attorneys' fees, costs of investigation and disbursement.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT ALL KINDZA FLOORING, INC. FOR CONTRACUAL INDEMNIFICATION

32.     Defendant / Third-Party Plaintiff, TRICON, repeats, reiterates and realleges each and every allegation contained in paragraphs of this Third-Party Complaint designated "1" through "30," inclusive, with the same force and effect as if more fully set forth at length, herein.

33.     That pursuant to the terms of the rider, dated 5/21/99, the Third-Party Defendant, ALL KINDZA, was to defend and indemnify the Defendant/Third-Party Plaintiff, TRICON, against all claims resulting the performance of ALL KINDZA'S work.

34.     That it is claimed by the plaintiff, ARTHUR BELFIORE, that he was injured while performing ALL KINDZA'S work.

35.     That pursuant to the terms of the rider, dated 5/21/99, the third-party defendant, ALL KINDZA, is obligated to defendant and indemnify the defendant/third-party plaintiff, TRICON, in the action commenced by the plaintiff, ARTHUR BELFIFORE.

36.     That TRICON had previously tendered it defense and indemnification to ALL KINDZA.     .

37.     To date, ALL KINDZA has yet to reject, accept or respond to TRICON'S tender.

38.     That by reason of the foregoing, defendant/third-party plaintiff, TRICON, is entitled to contractual indemnification from and to have judgment over and against the third-party defendant, ALL KINDZA, for all or any part of the verdict of judgment that plaintiff may recover against defendant/third-party plaintiff, as well as any attorneys' fees, costs of investigation and disbursement.

WHEREFORE, Defendant / Third-Party Plaintiff, TRICON, demands judgment over and against Third-Party Defendant, ALL KINDZA, for the full amount of any judgment that may be awarded to the Plaintiff herein, including all sums that may be obtained from, or adjudged against, Defendant / Third-Party Plaintiff, TRICON in favor of the Plaintiff, as well as indemnity and/or contribution from, Third-Party Defendant, ALL KINDZA, for all, or a proportionate

share, of all sums that may be obtained from, or adjudged against, Defendant / Third-Party

Plaintiff, TRICON, in favor of the Plaintiff, as well as attorney's fees, expenses, costs and

disbursements of this action.

Dated: New York, New York
       May 2, 2008

                                    ABRAMS, GORELICK, FRIEDMAN &
                                    JACOBSON, P.C.
                                    Attorneys for Defendant,
                                    TRICON CONSTRUCTION SERVICES, INC.

                                    By: _____
                                          Steven DiSiervi (SD – 2511)
                                    One Battery Park Plaza – 4th Floor
                                    New York, New York  10004
                                    (212) 422-1200

TO:    Edward Wagner, Esq.
       WAGNER & WAGNER, LLP
       Attorney for Plaintiff
       2508 Amboy Road
       Staten Island, New York  10306
       (718) 667-7400

       Angela P. Pensabene, Esq.
       HOEY, KING, TOKER & EPSTEIN
       Attorneys for the Defendants
       979 THIRD AVENUE ASSOCIATES, LLC,
       D&D BUILDING COMPANY, LLC, and
       COHEN BROTHERS REALTY CORPORATION
       55 Water Street
       29th Floor
       New York, New York 10041-2899
       (212) 612-4200

7

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York | (ECF CASE) |

Arthur Belfiore

### SUMMONS IN A CIVIL ACTION

V.

979 Third Avenue Associates, LLC, D&D Building
Company, LLC, Cohen Brothers Realty
Corporation and Tricon Construction Services Inc

CASE NUMBER:

**08 CV 2365**

**JUDGE PRESKA**

TO: (Name and address of Defendant)

979 Third Avenue Associates, LLC, c/o Eve Hart Rice, MD, 256 Bedford
Banksville Road, Bedford, NY 10506
D&D Building Company, LLC, c/o Cohen Brothers Realty Corporation,
750 Lexington Avenue, NY, NY 10022
Cohen Brothers Realty Corporation, 750 Lexington Ave., NY, NY 10022
Tricon Construction Services, Inc., 979 Third Avenue, NY, NY 10022

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Wagner & Wagner, LLP, 2508 Amboy Road, Staten Island, NY 10306

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 0 6 2008

CLERK

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE PRESKA**
*(LAP)(RLE)*

ECF CASE

----------------------------------------------------------------x

ARTHUR BELFIORE,

                                   Plaintiff(s),

              -against-

979 THIRD AVENUE ASSOCIATES, LLC,
D&D BUILDING COMPANY, LLC, COHEN
BROTHERS REALTY CORPORATION and
TRICON CONSTRUCTION SERVICES, INC.,

                                   Defendant(s).

----------------------------------------------------------------x

Civil #: 08-CV-

**08  CV  2365**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

**VERIFIED COMPLAINT**

Plaintiff, complaining of the defendants, by his attorneys, WAGNER & WAGNER, LLP,

hereby alleges the following upon information and belief:

### JURISDICTIONAL ALLEGATIONS

#### Subject Matter Jurisdiction – Diversity of Citizenship



MAR 0 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

1.    That at all times hereinafter mentioned, the Plaintiff was, at all times mentioned

      herein, and still is a citizen and resident of the State of New Jersey.

2.    That at all times hereinafter mentioned, upon information and belief, defendant,

      979 Third Avenue Associates, LLC, was, at all times mentioned herein, and still is

      a limited liability company duly formed and existing under and by virtue of the

      laws of the State of New York.

3.    That at all times hereinafter mentioned, upon information and belief, defendant,

      D&D Building Company, LLC, was, at all times mentioned herein, and still is a

Page 1 of 10

limited liability company duly formed and existing under and by virtue of the laws of the State of New York.

4.      That at all times hereinafter mentioned, upon information and belief, defendant, Cohen Brothers Realty Corporation, was, at all times mentioned herein, and still is a corporation duly formed and existing under and by virtue of the laws of the State of New York.

5.      That at all times hereinafter mentioned, upon information and belief, defendant, Tricon Construction Services, Inc., was, at all times mentioned herein, and still is a corporation duly formed and existing under and by virtue of the laws of the State of New York.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the plaintiff is a citizen and resident of the State of New Jersey; the defendant, 979 Third Avenue Associates, LLC, is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York; the defendant, D&D Building Company, LLC, is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York; the defendant, Cohen Brothers Realty Corporation is a corporation duly formed and existing under and by virtue of the laws of the State of New York; the defendant, Tricon Construction Services, Inc., is a corporation duly formed and existing under and by virtue of the laws of the State of New York; and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

## Venue

7.    The venue of this action in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(a), in that jurisdiction is founded only on diversity of citizenship and the Southern District of New York is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## AS AND FOR A FIRST CAUSE OF ACTION

8.    Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "7" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

9.    That this action falls within one or more of the exemptions set forth in CPLR § 1602.

10.    That at all times hereinafter mentioned and upon information and belief, defendant, 979 Third Avenue Associates, LLC, owned the premises known as and by 979 Third Avenue, in the City, County and State of New York (hereinafter, "the Premises.")

11.    That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, operated the Premises.

12.    That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, maintained the Premises.

13. That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, controlled the Premises.

14. That at all times hereinafter mentioned, and upon information and belief, defendants, jointly and/or severally, directly and/or indirectly, and through, their agents, servants and/or employees, managed the Premises.

15. That at all times hereinafter mentioned, and upon information and belief, and on or prior to November 22, 2005, defendant, Tricon Construction Services, Inc., was hired and/or retained to act as a contractor for construction, renovation, alternation and/or demolition at the Premises.

16. That at all times hereinafter mentioned, and upon information and belief, and on or prior to November 22, 2005, defendant, Tricon Construction Services, Inc., was hired and/or retained pursuant to a written contract and/or agreement to perform construction, renovation, alternation and/or demolition at the Premises.

17. Upon information and belief, that at all times herein mentioned, All Kindza Flooring, Inc. was a corporation duly organized and existing under and by virtue of the laws of the State of New York or was a foreign corporation authorized to transact business in the State of New York

18. That at all times hereinafter mentioned and prior thereto and on or prior to November 22, 2005, All Kindza Flooring, Inc. was hired and/or retained pursuant to a written contract and/or agreement to perform construction, renovation, alteration and/or demolition work at the Premises.

Page 4 of 10

19.   That at all times hereinafter mentioned and prior thereto and on or prior to November 22, 2005, All Kindza Flooring, Inc., hired and/or retained plaintiff, Arthur Belfiore, to perform construction, renovation, alteration and/or demolition work at the Premises.

20.   That plaintiff,. Arthur Belfiore, was employed,  hired and/or retained by All Kindza Flooring, Inc., pursuant to a written or oral contract or agreement.

21.   That on November 22, 2005, the plaintiff, Arthur Belfiore, was an employee of All Kindza Flooring, Inc.

22.   That at all times hereinafter mentioned and prior thereto and on or prior to November 22, 2005, the defendants, their agents, servants and/or employees were engaged in performing construction, renovation, alteration and/or demolition work, labor and/or services at the Premises.

23.   That on November 22, 2005, plaintiff, Arthur Belfiore, was instructed to perform construction, renovation, alteration and/or demolition work at the Premises by his employer, All Kindza Flooring, Inc.

24.   That the defendants, jointly and/or severally, directly and/or indirectly, through their agents, servants and/or employees had the duty to provide the plaintiff with a safe place to work upon the Premises (hereinafter "worksite.")

25.   That the defendants, jointly and/or severally, directly and/or indirectly, through their agents, servants and/or employees had the non-delegable duty to see that the worksite was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

26.    That on November 22, 2005, while plaintiff, Arthur Belfiore, was lawfully and
carefully working at the Premises, he was caused to fall by reason of the
negligence of the defendants, their agents, servants and/or employees in the
ownership, operation, direction, supervision, possession, control, construction,
rehabilitation and/or alteration of the said premises.

27.    That as a result of the foregoing, plaintiff, Arthur Belfiore, sustained personal
injuries.

28.    That the defendants, their agents, servants and/or employees were negligent,
reckless and careless in the ownership, operation, maintenance, control,
possession, supervision, direction, construction, inspection, management,
renovation, rehabilitation and/or alteration of the said premises under the common
law standards of negligence of the State of New York.

29.    That the defendants, their agents, servants and/or employees were further
negligent, reckless and careless in the ownership, operation, maintenance, control,
possession, supervision, direction, construction, inspection, management,
renovation, rehabilitation and/or alteration of the said premises in that they failed
to provide the plaintiff with a safe place to work; failed to provide the plaintiff
with a hazard-free work place; failed to provide the plaintiff with proper and safe
ramp; failed to provide the plaintiff with proper and approved safety devices so
placed, fixed and/or secured so as to afford proper protection to the plaintiff
working thereat; violated the applicable provisions of the Labor Law of the State
of New York, the Industrial Code of the State of New York, including Labor Law

Sections 240(1), 241(6) and 200 and the provisions of the Industrial Code as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that said worksite was safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling on said ramp.

30.    That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the worksite.

31.    That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

32.    That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, and has otherwise been damaged in the sum of One Million ($1,000,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

33.    Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

34.    That on November 22, 2005, there existed in full force and effect within the State of New York, Section 200 of the Labor Law of the State of New York.

35.   That by reason of the negligence of the defendants as aforesaid, the said

defendants violated Section 200 of the Labor Law of the State of New York.

36.   That by reason of the foregoing, the plaintiff has been damaged in the sum of One

Million ($1,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

37.   Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "32" of this Complaint, with the

same force and effect as though same were more fully set forth at length herein.

38.   That on November 22, 2005, there existed in full force and effect within the State

of New York, Section 240 of the Labor Law of the State of New York.

39.   That by reason of the negligence of the defendants as aforesaid, the said

defendants violated Section 240 of the Labor Law of the State of New York.

40.   That by reason of the foregoing, the plaintiff has been damaged in the sum of One

Million ($1,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

41.   Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "32" of this Complaint, with the

same force and effect as though same were more fully set forth at length herein.

42.   That on November 22, 2005, there existed in full force and effect within the State

of New York, Section 241 of the Labor Law of the State of New York.

43.   That by reason of the negligence of the defendants as aforesaid, the said

defendants violated Section 241 of the Labor Law of the State of New York.

44.    That by reason of the foregoing, the plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

45.    Plaintiff, Arthur Belfiore, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" of this Complaint, with the same force and effect as though same were more fully set forth at length herein.

46.    That on November 22, 2005, there existed in full force and effect within the State of New York, Rule 23 of the Industrial Code of the State of New York.

47.    That by reason of the negligence of the defendants as aforesaid, the said defendants violated the applicable sections of Rule 23 of the Industrial Code of the State of New York.

48.    That by reason of the foregoing, the plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, Plaintiffs demand judgment against the defendants in the sum of One Million ($1,000,000.00) Dollars on the First Cause of Action; One Million ($1,000,000.00) Dollars on the Second Cause of Action; One Million ($1,000,000.00) Dollars on the Third Cause of Action; One Million ($1,000,000.00) Dollars on the Fourth Cause of Action; One Million ($1,000,000.00) Dollars on the Fifth Cause of Action; all together with the costs and disbursement of this action.

Dated: Staten Island, New York
      March 5, 2008

Yours, etc.

EDWARD WAGNER, ESQ.

**WAGNER & WAGNER, LLP**
Attorneys for Plaintiff(s)
Office and Post Office Address
2508 Amboy Road
Staten Island, New York 10306
(718) 667-7400

Page 10 of 10

## INDIVIDUAL VERIFICATION

State of New York            )
                             )      s.s.:
County of Richmond           )

Arthur Belfiore, being duly sworn, deposes and says that I am a Plaintiff in the within

action; I have read the foregoing Complaint and know the contents thereof; the same is true to

my own knowledge, except as to the matters therein stated to be alleged upon information and

belief, and as to those matters, I believe it to be true.

x _Arthur J Belfiore_____
Arthur Belfiore

Sworn to before me this _5th_
day of _March_____, 20 _08_

_____
Notary Public

EDWARD WAGNER
Notary Public, State of New York
No. 43-4680448
Qualified in Richmond County
Commission Expires Dec. 15, _2010_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil #: 08-CV- 2365
( LAP )( RLE )

ARTHUR BELFIORE,

*Plaintiff(s),*

*against*

979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION and TRICON CONSTRUCTION SERVICES, INC.,

*Defendant(s).*

## VERIFIED COMPLAINT

WAGNER & WAGNER, LLP
Attorneys for Plaintiff(s)
2508 Amboy Road
Staten Island, New York 10306
(718) 667-7400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARTHUR BELFIORE,

|  |  |  |
|---|---|---|
| | Plaintiffs, | ***ANSWER*** |
| | | DEFENDANT DEMANDS A TRIAL BY JURY |
| -against- | | ***Case No.  08-CV-2365 (LAP)(RLE)*** |
| 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION and TRICON CONSTRUCTION SERVICES, INC., | | |
| | Defendant(s). | |

-------------------------------------------------------------------x

Defendant, TRICON CONSTRUCTION SERVICES, INC., by its attorneys, ABRAMS,

GORELICK, FRIEDMAN & JACOBSON, P.C., as and for its Answer to plaintiff's Verified

Complaint allege, upon information and belief, as follows:

### IN RESPONSE TO JURISDICTIONAL ALLEGATIONS

### In Response to Subject Matter Jurisdiction – Diversity of Citizenship

1.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "1" of the Verified Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "2" of the Verified Complaint.

3.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "3" of the Verified Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "4" of the Verified Complaint.

1

12.    Denies each and every allegation contained in paragraph "12" of the Verified Complaint and refers all questions of law to the Court for determination.

13.    Denies each and every allegation contained in paragraph "13" of the Verified Complaint and refers all questions of law to the Court for determination.

14.    Denies each and every allegation contained in paragraph "14" of the Verified Complaint and refers all questions of law to the Court for determination.

15.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "15" of the Verified Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "16" of the Verified Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "17" of the Verified Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "18" of the Verified Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "19" of the Verified Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "20" of the Verified Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "21" of the Verified Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "22" of the Verified Complaint.

23.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "23" of the Verified Complaint.

24.  Denies each and every allegation contained in paragraph "24" of the Verified Complaint and refers all questions of law to the Court for determination.

25.  Denies each and every allegation contained in paragraph "25" of the Verified Complaint and refers all questions of law to the Court for determination.

26.  Denies each and every allegation contained in paragraph "26" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

27.  Denies each and every allegation contained in paragraph "27" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC.

28.  Denies each and every allegation contained in paragraph "28" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

29.  Denies each and every allegation contained in paragraph "29" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

30.  Denies each and every allegation contained in paragraph "30" of the Verified Complaint as they relate to defendant TRICON CONSTRUCTION SERVICES, INC., and refers all questions of law to the Court for determination.

31.  Denies each and every allegation contained in paragraph "31" of the Verified Complaint.

32.    Denies each and every allegation contained in paragraph "32" of the Verified

Complaint.

**IN RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION**

33.    Repeats, reiterates and realleges each and every response to paragraphs

designated "1" through "32", inclusive, of the Verified Complaint in answer to

paragraph designated "33" of the Verified Complaint, with the same force and

effect as if fully contained herein.

34.    Denies each and every allegation contained in paragraph "34" of the Verified

Complaint and refers all questions of law to the Court for determination.

35.    Denies each and every allegation contained in paragraph "35" of the Verified

Complaint and refers all questions of law to the Court for determination.

36.    Denies each and every allegation contained in paragraph "36" of the Verified

Complaint.

**IN RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION**

37.    Repeats, reiterates and realleges each and every response to paragraphs

designated "1" through "36", inclusive, of the Verified Complaint in answer to

paragraph designated "37" of the Verified Complaint, with the same force and

effect as if fully contained herein.

38.    Denies each and every allegation contained in paragraph "38" of the Verified

Complaint and refers all questions of law to the Court for determination.

39.    Denies each and every allegation contained in paragraph "39" of the Verified

Complaint and refers all questions of law to the Court for determination.

40.    Denies each and every allegation contained in paragraph "40" of the Verified Complaint.

## IN RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION

41.    Repeats, reiterates and realleges each and every response to paragraphs designated "1" through "40", inclusive, of the Verified Complaint in answer to paragraph designated "41" of the Verified Complaint, with the same force and effect as if fully contained herein.

42.    Denies each and every allegation contained in paragraph "42" of the Verified Complaint and refers all questions of law to the Court for determination.

43.    Denies each and every allegation contained in paragraph "43" of the Verified Complaint and refers all questions of law to the Court for determination.

44.    Denies each and every allegation contained in paragraph "44" of the Verified Complaint.

## IN RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION

45.    Repeats, reiterates and realleges each and every response to paragraphs designated "1" through "44", inclusive, of the Verified Complaint in answer to paragraph designated "45" of the Verified Complaint, with the same force and effect as if fully contained herein.

46.    Denies each and every allegation contained in paragraph "46" of the Verified Complaint and refers all questions of law to the Court for determination.

47.    Denies each and every allegation contained in paragraph "47" of the Verified Complaint and refers all questions of law to the Court for determination.

48.    Denies each and every allegation contained in paragraph "48" of the Verified Complaint.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

49.    The Verified Complaint should be dismissed, in whole or in part, because it fails to state a claim against this answering defendant upon which relief can be granted.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE

50.    All claims should be dismissed to the extent that plaintiff did not satisfy all jurisdictional prerequisites or statutory conditions precedent to suit.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE

51.    This Court lacks subject matter jurisdiction over this action.

### AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

52.    Without in any way waiving her objections to the jurisdiction of this Court, the answering defendant states that the venue is improper and laid in the wrong district.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

53.    All claims should be dismissed to the extent that they are barred by the applicable Statutes of Limitations and/or the doctrine of laches.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

54.    To the extent that plaintiff's claims are compensable, in whole or in part, under the New York Worker's Compensation Law, those claims are barred by the exclusive remedy provision contained in the New York Worker's Compensation Law.

7

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

55.    To the extent that plaintiff failed to make good faith and diligent efforts to

mitigate his purported damages and injuries, any relief awarded should be denied

or diminished, in whole or in part.

## AND AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

56.    If the plaintiff sustained injuries and/or damages, at the time and/or place and/or

in the manner alleged in his Verified Complaint (which is expressly denied), said

injuries and/or damages were, in whole or in part, the result of plaintiff's own

culpable conduct, including, but not limited to, negligence, carelessness,

recklessness and/or assumption of risk.

57.    By reason of the foregoing, this answering defendant demand that the amount of

any damages recovered or any judgment received by plaintiff be reduced

accordingly, pursuant to the common law and CPLR § 1411, in the proportion to

which the culpable conduct attributable to plaintiff bears to the culpable conduct

which caused the injuries and/or damages.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

58.    If plaintiff has received or will receive remuneration and/or compensation for

some or all of his claimed economic loss, defendant is entitled to have plaintiff's

award, if any, reduced by the amount of that remuneration and/or compensation,

pursuant to § 4545(c) of the Civil Practice Law and Rules.

## AND AS FOR A TENTH AFFIRMATIVE DEFENSE

59.    If the plaintiff was damaged as alleged in his Verified Complaint (which is

expressly denied), such damages were the result, in whole or in part, of the

conduct of the plaintiff and/or others over whom this answering defendant exercised no influence or control and to the extent that defendant may be liable to the plaintiff, such liability should be in proportion to the percentage that defendant's conduct relates to the conduct of the plaintiff and/or others in causing the damage, and apportioned pursuant to Articles 14 and 16 of the CPLR.

### AND AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

60.    That if the injuries and/or damages and the risks incident to the situation mentioned in the Verified Complaint were open, obvious and apparent, and were known and assumed by the plaintiff, then his claims are barred by virtue of his assumption of the risks thereof.

### AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE

61.    That, to the extent that the alleged damages and/or injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims of plaintiff against this answering defendant should be barred.

### AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

62.    Pursuant to the limited liability provisions of § 1601 of the Civil Practice Law and Rules, this answering defendant's liability, if any, shall be limited to its respective equitable shares of the total liability.

### AS AND FOR A FIRST CROSS-CLAIM
### AGAINST CO-DEFENDANTS, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION

63.    That if the plaintiff was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the plaintiff's Verified Complaint through any

9

carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, other than the plaintiff's own negligence, carelessness, recklessness, or other culpable conduct, said damages were sustained by reason of the carelessness, recklessness, negligence and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute by the co-defendants, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION, their agents, servants and/or employees, without any negligence or other culpable conduct on the part of the answering defendant contributing thereto.

64.     That by reason of the foregoing, the answering defendant will not be liable to the plaintiff or the co-defendants in the event and in the amount of recovery herein by the plaintiff, and the answering defendant is entitled to indemnification from the co-defendants.

**AS AND FOR A SECOND CROSS-CLAIM**
**AGAINST CO-DEFENDANTS, 979 THIRD AVENUE ASSOCIATES, LLC, D&D**
**BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION**

65.     That if the plaintiff was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the plaintiff's Verified Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, or other culpable conduct, other than the plaintiff's own negligence, carelessness, recklessness, or other culpable conduct, and if plaintiff should recover a verdict or judgment against the answering defendant, they will be damaged thereby, and such injuries or damages

and verdict or judgment will have been brought about, cause and sustained by reason of the active and/or primary and/or affirmative carelessness, recklessness, negligence, culpable conduct and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute and/or wrongdoing by the co-defendants, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION, their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto or with the negligence, if any, on the part of the answering defendant, which is specifically denied, being merely passive, secondary and/or derivative in nature.  By reason of the foregoing, the answering defendant is entitled to indemnification by said co-defendants, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION.

66.    By reason of the foregoing, if plaintiff recovers any verdict or judgment against the answering defendant, the co-defendants979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY CORPORATION, will be liable to the answering defendant under the doctrine of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportional share thereof, that plaintiff may recover against or from the answering defendant, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim, and the answering defendant will not be liable to

11

the co-defendants, 979 THIRD AVENUE ASSOCIATES, LLC, D&D

BUILDING COMPANY, LLC, and COHEN BROTHERS REALTY

CORPORATION, in the event and in the amount of any recovery herein by the

plaintiff.

WHEREFORE, the answering defendant, the answering defendant, TRICON

CONSTRUCTION SERVICES, INC., demands judgment dismissing the Verified Complaint as

to it, together with the costs and disbursements of this action, or, in the alternative, demands that

the ultimate rights of the plaintiff, answering defendant, and co-defendants, be determined in this

action with regard to all claims, and cross-claims and that the answering defendant have

judgment over and against the plaintiff, and the co-defendants, each of them, in the proportion

that each of their culpable conduct bears to the entire culpable conduct involved in the

occurrence, and have judgment over and against, and indemnity from the plaintiffs and the co-

defendants together with the costs and disbursements of this action.

Dated: New York, New York
      March 25, 2008

                    ABRAMS, GORELICK, FRIEDMAN &
                    JACOBSON, P.C.
                    Attorneys for Defendant,
                    TRICON CONSTRUCTION SERVICES, INC.

                    By:_____
                        Steven DiSiervi (SD – 2511)
                    One Battery Park Plaza – 4th Floor
                    New York, New York  10004
                    (212) 422-1200

TO:    Edward Wagner, Esq.
       WAGNER & WAGNER, LLP
       Attorney for Plaintiff
       2508 Amboy Road
       Staten Island, New York  10306
       (718) 667-7400

12

Angela P. Pensabene, Esq.
HOEY, KING, TOKER & EPSTEIN
Attorneys for the Defendants
979 THIRD AVENUE ASSOCIATES, LLC,
D&D BUILDING COMPANY, LLC, and
COHEN BROTHERS REALTY CORPORATION
55 Water Street
29th Floor
New York, New York 10041-2899
(212) 612-4200

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ARTHUR BELFIORE,

                              Plaintiffs,

                                                    *Case No.  08-CV-2365*
                                                    *(LAP)(RLE)*

         -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                              Defendant(s).

-------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

         I hereby certify that on March 25, 2008, the foregoing Answer was filed with the Clerk of
the Court and served in accordance with the Southern District's Rules on Electronic Service and
Local Rule 5.2 upon the following:

Edward Wagner, Esq.                    Angela P. Pensabene, Esq.
WAGNER & WAGNER, LLP                   HOEY, KING, TOKER & EPSTEIN
Attorney for Plaintiff                 Attorneys for the Defendants
2508 Amboy Road                        979 THIRD AVENUE ASSOCIATES, LLC
Staten Island, New York  10306         D&D BUILDING COMPANY, LLC, and
(718) 667-7400                         COHEN BROTHERS REALTY
                                       CORPORATION
                                       55 Water Street
                                       29th Floor
                                       New York, New York 10041-2899
                                       (212) 612-4200

                                       Respectfully submitted,

                                       _____
                                       Steven DiSiervi (SD – 2511)
                                       Abrams, Gorelick, Friedman
                                       & Jacobson, P.C.
                                       Attorneys for Defendant

1

TRICON CONSTRUCTION SERVICES,
INC.
One Battery Park Plaza
Fourth Floor
New York, New York  10004
(212) 422-1200

STATE OF NEW YORK    )
                      )ss.:

COUNTY OF NEW YORK  )

Angel DeJesus, being duly sworn, deposes and says:

I am not a party to the within action; I am over 18 years of age; I reside in New York, New York.

On March 25, 2008, I served the within Answer upon:

Edward Wagner, Esq.
WAGNER & WAGNER, LLP
Attorney for Plaintiff
2508 Amboy Road
Staten Island, New York  10306
(718) 667-7400

Angela P. Pensabene, Esq.
HOEY, KING, TOKER & EPSTEIN
Attorneys for the Defendants
979 THIRD AVENUE ASSOCIATES, LLC,
D&D BUILDING COMPANY, LLC, and
COHEN BROTHERS REALTY CORPORATION
55 Water Street
29th Floor
New York, New York 10041-2899
(212) 612-4200

at the above address(es) by depositing a true copy of same, enclosed in a properly addressed postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Angel DeJesus

Sworn to before me this
25th day of March, 2008

_____
Notary Public

ROSE FORTUNATO
COMMISSIONER OF DEEDS
CITY OF NEW YORK NO. 5-732
CERTIFICATE FILED IN RICHMOND COUNTY
COMMISSION EXPIRES MAY 1, 2008

Tricon Construction Services
11 Penn Plaza, 5th Floor
New York, NY 10001
212-946-4960

**Subcontract P.O. FL 0692**

Contract Date: 11/09/05

To:    All Kindza Flooring, Inc.
       1373 Lincoln Avenue
       Holbrook, NY 11740

Project:  05-0627
          Sutherland
          979 Third Avenue
          New York, NY

Fax: 631-467-0133

---

You are hereby directed to perform the following work     Plans Attached _____
the plans and specifications provided.                    Specification _____

---

| Description of Work | Cost Code | Description | Amount |
|---|---|---|---|
| Flooring | | Flooring | 1,340.00 |

Notes

Additional charge for extra material and labor required to increase mud work from 1" to 1 ½" to cover raised conduit on floor.
All work as per Change Order #1 dated 11/07/05 and All Kindza Inv#4797 dated 11/09/05.

Written or verbal agreement of this purchase order constitutes commitment to all terms and conditions set forth by this purchase order. The General Contractor must be notified in writing within (5) days of this agreement, any missing information, lack of availability of material and manpower shortages that will impact the attached project schedule and/or impose any hardships. Failure to do so will result in back charges. All project acceleration costs impacted will be forwarded to the subcontractor. Included in this purchase order is all costs to expedite material. Includes all sales tax as required by your trade. All work and/or materials must be delivered with the related time frame indicated in the attached project schedule.

1. This Purchase Order is not binding until accepted by TCS.
2. This Purchase Order covers the contract amount only set forth herein.
3. Additional work is to be billed separately and have a separate PO.
4. This P.O. is subject to the terms and conditions in the attached rider dated 5/21/99.
5. All work per Tricon's progress schedule.

Amount of Contract     [ 1,340.00 ]

Contractor _____      Date _____

Subcontractor _____      Date 11/17/05



Tricon Construction Services
11 Penn Plaza, 5th Floor
New York, NY 10001
212-946-4960

**Subcontract P.O. FL 0662**

Contract Date: 10/30/05

**To:**    All Kindza Flooring, Inc.
1373 Lincoln Avenue
Holbrook, NY 11740

**Project:** 05-0627
Sutherland
979 Third Avenue
New York, NY

Fax: 631-467-0133

---

You are hereby directed to perform the following work
the plans and specifications provided.

Plans Attached _____
Specification _____

---

| Description of Work | Cost Code | Description | Amount |
|---|---|---|---|
| Flooring | - | Flooring | 42,000.00 |

**Notes**
Provide labor and material to install 3,608 sq ft of ¾" x 24" x 24" Stone tile at floor of reception area, showroom areas, A, B, C, & D, workroom and visitor's work area.

Written or verbal agreement of this purchase order constitutes commitment to all terms and conditions set forth by this purchase order. The General Contractor must be notified in writing within (5) days of this agreement, any missing information, lack of availability of material and manpower shortages that will impact the attached project schedule and/or impose any hardships. Failure to do so will result in back charges. All project acceleration costs impacted will be forwarded to the subcontractor. Included in this purchase order is all costs to expedite material. Includes all sales tax as required by your trade. All work and/or materials must be delivered with the related time frame indicated in the attached project schedule.

1. This Purchase Order is not binding until accepted by TCS.
2. This Purchase Order covers the contract amount only set forth herein.
3. Additional work is to be billed separately and have a separate PO.
4. This P.O. is subject to the terms and conditions in the attached rider dated 5/21/99.
5. All work per Tricon's progress schedule.

Amount of Contract    42,000.00

Contractor _____    Date _____

Subcontractor _____    Date 11/15/05

**Tricon Construction Services**
11 Penn Plaza, 5th Floor
New York, NY 10001
212-946-4960

**Subcontract P.O. FL 0691**

Contract Date: 11/09/05

**To:**  All Kindza Flooring, Inc.
1373 Lincoln Avenue
Holbrook, NY 11740

**Project:** 05-0627
Sutherland
979 Third Avenue
New York, NY

Fax: 631-467-0133

---

You are hereby directed to perform the following work
the plans and specifications provided.

Plans Attached _____
Specification _____

---

| Description of Work | Cost Code | Description | Amount |
|---|---|---|---|
| Flooring | | Flooring | 2,716.00 |
| Notes | | | |

Provide labor on premium time charges for working on Friday 11/11/05 (Veterans Day).
All work as per Change Order #2 dated 11/09/05 and All Kindza Inv#4798 dated 11/09/05.

Written or verbal agreement of this purchase order constitutes commitment to all terms and conditions set forth by this purchase order. The General Contractor must be notified in writing within (5) days of this agreement, any missing information, lack of availability of material and manpower shortages that will impact the attached project schedule and/or impose any hardships. Failure to do so will result in back charges. All project acceleration costs impacted will be forwarded to the subcontractor. Included in this purchase order is all costs to expedite material. Include all sales tax as required by your trade. All work and/or materials must be delivered with the related time frame indicated in the attached project schedule.

1. **This Purchase Order is not binding until accepted by TCS.**
2. **This Purchase Order covers the contract amount only set forth herein.**
3. **Additional work is to be billed separately and have a separate PO.**
4. **This P.O. is subject to the terms and conditions in the attached rider dated 5/21/99.**
5. All work per Tricon's progress schedule.

Amount of Contract  2,716.00

Contractor _____    Date _____

Subcontractor _James Connaly___    Date _11/17/05_





**PURCHASE ORDER RIDER**
**Dated: 5/21/99**
**Terms and Conditions:**

The terms "you", "your" and "Subcontractor" refer to the undersigned Subcontractor.

The terms "we", "us", "our" and "Contractor" refer to Tricon Construction Services, Inc.

The terms "Owner" or "Tenant" refer to the owner or tenant of the premises where the work is being performed.

The term "Work" refers to all labor to be performed and materials to be supplied by Subcontractor.

The term "Contract Documents" refers to the underlying documents, which constitute a part of the agreement between Tricon Construction Services, Inc. and the Owner and/or Tenant.

The term "Agreement" refers to the agreement between Subcontractor and Tricon Construction Services, Inc.

1.    This Work (is/is not) a capital improvement.
      You agree to be bound to us by the terms of the agreement for this project between us and the Owner including all Contract documents, and to assume toward Contractor all of the obligations and responsibilities that we by said documents assume/toward the Owner, provided that where any provision of the Contract Documents between the Owner and us is inconsistent with any provision of this P.O. this P.O. shall govern.

2.    Unless otherwise stated elsewhere in this order, the purchase order price is (a) firm for the duration of the Project and (b) includes all charges for labor, materials, insurance, packing, transportation, delivery, coordination, scaffolding and all applicable taxes.

3.    The following parties shall be listed as "Additional Insured", in addition to those noted in paragraph 14:

4.    You must sign and return this document within (5) days from the date hereof or, at our option, this Purchase Order may be deemed null and void.   We will not make payment for the work indicated unless we have a signed copy of this document in our possession.   Upon written approval by us and the Owner, your invoice shall be paid, in the net amount of its request, if and only if, we receive payment from the Owner for said invoice.  Receipt of payment from Owner for the Work or any portion thereof is a condition precedent to our payment to you.  You rely on credit of Owner, not us, for payment.   If we do not receive payment from the Owner for any invoice, notwithstanding whether same was approved, we shall have no further obligation to pay you.  If we have withheld retention any same shall be paid to the you after approval and acceptance of the entire project by the Owner.  Final payment will be due when all governmental sign-offs are completed.  You acknowledge all payments are contingent upon the owner paying us.

5.    You shall bear the risk of loss of any materials until we acknowledge receipt of the materials at the Project.   If this Purchase Order requires installation, and loss occurs after delivery but before acceptance of installation, you shall also bear the risk of loss of the materials until such acceptance, up to the amount of any deductible on the Owner's Builder's Risk Insurance.

6.    If you, while performing the Work, damage any existing installation or work of any others, corrective work will be performed by us at your cost.   Except in emergencies, you will be notified prior to our commencing such corrective work, which will be performed at a competitive rate whenever allowed by schedule and circumstances.

7.    You hereby guarantee the good quality of the workmanship and materials being supplied by you under this Purchase Order, and if any defect therein appears within one (1) year after issue of the Certificate of Completion and / or acceptance of the work by Owner, because of faulty workmanship or materials without additional charge to us.  Further guarantees, bonds or the like, required by the Contract Documents shall also be furnished by you with your final billing.

8.    You shall keep the construction site and surrounding premises clean at all times of debris arising out of your operations. Should you fail to do so in a timely manner, we shall cause this work to be done by others and deduct any costs and expenses from your contract price.



9.      Time is of the essence of your obligations. In addition to all other rights or remedies which we may have at law or in equity we reserve the right to terminate this Agreement in whole or in part, after giving there (3) days written notice to the you or your Suppliers and/or Sub subcontractors without cost or expense to us, in the event of the happening of any of the following which shall be deemed occasions of default by you or your Suppliers:  failure to perform the Work in accordance with the completion date or dates specified and implied in this Agreement, failure in any respect to execute the Work with promptness and diligence:  breach of any of the warranties contained herein, failure to pay promptly for labor, materials, machinery, equipment, tools, plants, facilities, work, services or any of its other obligations:  interference with the work of others or causing stoppages or delays; insolvency; the execution of an assignment for the benefit of creditors; the filing of proceedings in bankruptcy or for corporate reorganization or arrangement by or against you or your Suppliers and/or Sub subcontractors or its assets; liquidation proceedings instituted by or against the you or your Suppliers; failure to strictly comply with the terms and conditions of this Agreement .  In the event of such termination by us, we may provide through ourselves, or through others, any labor, materials, equipment, machinery, tools, plant facilities and services for the performance of the work and completion of this Agreement, and deduct the cost and expense thereof or from any money due or thereafter to become due to you or your Suppliers.  Should we terminate this Agreement, you or your Suppliers and/or Sub subcontractors shall not be entitled to receive any further payments under this Agreement until the Work shall be wholly finished, at which time, if the unpaid balance of the amount due to you and your Suppliers shall exceed the cost and expense incurred by the us in completing the Agreement such excess shall be paid by us, the Contractor to the Supplier and/or Sub subcontractor, but, if such cost and expense shall exceed such unpaid balance, then the you and your  Suppliers and/or Sub subcontractors shall pay the difference, on demand, to us  The cost and expense incurred by us shall include all costs of completing the Work, all payments for labor, materials, equipment, machinery, tools, plant facilities, services, all other obligations of you and your Suppliers incurred by you and your Suppliers and paid directly by us, any damages incurred through your default and or your Suppliers and also any other costs or expenses incurred by us, including, but not limited to, legal fees and disbursements.

10.     In addition to all other rights of revocation or termination hereunder and notwithstanding any other provision of this Agreement we may terminate this Agreement and your rights hereunder without cause at any time upon three (3) days written notice to you in such event of this Agreement shall cease and expire on the date set forth in the notice of termination as fully and completely and as though such dates were the original expiration date hereof, the amount of the installment due to you from us shall be prorated on a daily basis.

11.     In the event the Agreement is terminated pursuant to paragraph 9 above, and it is determined that said termination was wrongful, then the parties agree that said termination shall be deemed to be a termination pursuant to paragraph 10.

12.     We reserve the right to suspend or terminate all or part of the Agreement without liability in the event of strikes, differences with labor, interruption of transportation, accident to plant or equipment fire, failure to obtain governmental approvals, acts of God or any contingencies beyond our or the Owner's reasonable control.  In the event of such termination or suspension you shall be entitled to payment for your work in the amount valued for your work in our final settlement with Owner as your sole and exclusive remedy.  You agree not to make, and hereby waive any claim for damages  on account of any delay, obstruction or hindrance for any cause, whatsoever, including but not limited to the aforesaid causes, and agrees that your sole right and remedy in the case of any delay, obstruction or hindrance shall be an extension of the time fixed for completion of the Work.

13.     If this Purchase Order involves Labor at the Project, you shall:  (a) comply with (I) all applicable legal requirements affecting means and methods of construction, including all safety and health regulations, (II) all directions given by us, including directions with respect to scheduling and coordination; and (III) all rules and regulations of the building; and (b) provide competent workers, who shall work in harmony with other workers at the building and work area.   You acknowledge that you have examined the work area, the building and any adjoining areas and that you are fully familiar with the conditions and accept the same without reservation. You shall comply with all applicable safety requirements as established by governmental agencies, municipalities, statutes, codes and regulations and with all safety regulations established by us.  You shall report immediately to us any injuries suffered by your employees or any injuries to other persons or property damage arising out of your operations.  We shall be furnished with two (2) copies of the incident report within three (3) days of an injury or damage.

14.     You and/or your Suppliers and/or Sub subcontractors shall take all field measurements, furnish all the required samples and drawings, comply with all governmental laws and decrees, give authorities timely and proper notices where required, secure and pay for all necessary permits, licenses, inspections, tests and bonds required for the work covered by this purchase order.

15.     You, and any of your Suppliers and/or Sub subcontractors, shall complete the Work in accordance with the Contract Documents between us and Owner, and shall keep the property, equipment, and materials supplied or upon which Work



is performed, free of any claim or charge from others. If there shall be evidence of any claim, lien, chattel mortgage, conditional bill of sale or security interest which, if established, the Owner and or us might become liable and which in any way relates to or arises out of the Work, or it is claimed in any way to relate to, or arise out of the Work, we shall have the right to retain out of any payments then due or thereafter to become due, an amount sufficient to completely indemnify and protect the Contractor and Owner against such lien, claim, chattel mortgage conditional bill of sale or security interest.   In the event that any such lien, claim chattel mortgage, conditional bill of sale or security interest shall be filed and you shall fail to so remove or discharge the same within five (5) days after notice from us, then we shall in addition to our rights under the preceding paragraphs, have the right to remove or discharge the same by bonding, payment or otherwise, in our sole discretion for your account, or for the account of any of your Sub subcontractors or Suppliers.   The amount of any payment, costs and expenses made or incurred by us in connection with the removal or discharge of any such claim, lien, chattel mortgage, conditional bill of sale or security interest as aforesaid, and all cost related thereto including reasonable attorney's fees, may be deducted by us from any payments or amounts then due thereafter to become due to you, your Sub subcontractors, or any of your Suppliers or retained by us as aforesaid. If any amount retained by us, or any payment or payments due you or your Sub subcontractors or Suppliers and unpaid shall not be sufficient to remove or discharge any such claim, lien, chattel mortgage, conditional bill of sale or security interest and/or to reimburse us our costs and expenses in connection therewith, or if you, your Sub subcontractors, or Suppliers shall have been fully paid, you, your Sub subcontractors, and/or your Suppliers shall pay to us on demand the amount required to satisfy such claim, lien, chattel mortgage, conditional bill of sale or security interest and our costs, expenses, and attorney fees in connection herewith.

16.    You shall immediately furnish certificates of insurance evidencing the following insurance from companies approved by us: (i) Workers' Compensation Insurance and any other employee benefit insurance, as required by law; (ii) Comprehensive Automobile Liability Insurance for $1,000,000 combined single limit for all owned, hired and non-owned vehicles; (iii) Comprehensive General Liability Insurance, including contractual liability, products/completed operations liability, broad form property damage, employees as additional insured and deletion of the "XCU" exclusion (if any) , for $1,000,000 combined single limit and (iv) Umbrella Liability Insurance for $2,000,000 in excess of the primary coverage stated herein.   All policies except for Worker's Compensation shall designate us the Owner, the Building Landlord, and their respective subsidiaries and affiliates, and any managing agents and mortgages requested by us, as their interests may appear. All policies shall provide for at least 30 days' written notice to us before cancellation or material alteration of the policy.   If we request you to do so, you shall provide certified photocopies of these policies.   If you engage a Sub-Subcontractors, it is your affirmative duty to ensure that the Subcontractor complies with all of the insurance and related requirements of this purchase order, and the Contract documents.

17.    To the fullest extent permitted by law, you shall defend, indemnify and hold us, the Tenant/Owner, the Building Landlord, the managing agent and each member, director, officer agent and employee thereof, harmless against all claims, losses and damages, including reasonable attorneys' fees and disbursements, arising out of or in connection with this Purchase Order, including but not limited to any negligent or wrongful act, error or omission or breach of contract or infringement of any patent, copyright or trademark by you or your agents and employees; provided that you shall not be obligated to indemnify or hold harmless such person or entity for that relative portion of any bodily injury or property damage claim or loss to the extent contributed to, caused by, or resulting from the negligence of such person or entity. Should any claim arising out of this Agreement be made against any person entity entitled to be indemnified above, you shall diligently render to such person or entity any and all assistance that may be requested by such person or entity.

18.    You shall not assign this Purchase Order or any part thereof or any moneys due or to become due hereunder without our prior written consent. We may assign this Purchase Order at any time to the Owner, to an affiliate of ours or to a lending institution as security for construction financing.   If this Purchase Order is so assigned, you shall continue to be bound by its terms.

19.    This Purchase Order is the complete and exclusive Agreement between us and supercedes any prior agreements between us with respect to the work. The terms and conditions contained in this Purchase Order may not be changed, modified or discharged except by written instrument, duly executed by both parties.   This Purchase Order shall be governed by the law and the State in which the Project is located.   You consent to the jurisdiction of any court within that State in any action or proceeding arising out of or in connection with this Purchase Order.