UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x    Index No.:  08 CV
ARTHUR BELFIORE,                Plaintiff,    2365
          v.

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS        **AMENDED SECOND**
REALTY CORPORATION AND TRICON CONSTRUCTION   **THIRD-PARTY COMPLAINT**
SERVICES, INC.,                Defendants.
-------------------------------------x
-------------------------------------x    Index No.:
TRICON CONSTRUCTION SERVICES, INC.,
               Third-Party Plaintiffs,
          v.

ALL KINDZA FLOORING, INC.
               Third-Party Defendant,
-------------------------------------x
-------------------------------------x    Index No.:
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,
          Second Third-Party Plaintiffs,
          v.

DAVID SUTHERLAND SHOWROOMS - NEW YORK LLC,
AND ALL KINDZA FLOORING, INC.
          Second Third-Party Defendants.
-------------------------------------x

     Defendants/Second Third-Party Plaintiffs, 979 Third Avenue

Associates, LLC, D&D Building Company, LLC, Cohen Brothers

Realty Corporation (hereinafter "Landlord") by their attorneys,

HOEY, KING, TOKER & EPSTEIN, as and for their Amended Second

Third-Party Complaint against Second Third-Party Defendants,

David Sutherland Showrooms – New York LLC (hereinafter "Tenant")

and All Kindza Flooring, Inc. (hereinafter "All Kindza")

respectfully allege upon information and belief as follows:

1. Defendant/second third-party plaintiff, 979 Third Avenue Associates, LLC, is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York.

2. Defendant/ second third-party plaintiff, D&D Building Company, LLC, is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York.

3. Defendant/ second third-party plaintiff, Cohen Brothers Realty Corporation, is a corporation duly formed and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, the Tenant, was a foreign limited liability company organized and existing under and by virtue of the laws of the State of Texas with its principal place of business at 979 Third Avenue, Room 813, New York, New York 10022.

5. That at all times hereinafter mentioned, the Tenant, was a foreign limited liability company authorized to do business within the State of New York.

6. That at all times hereinafter mentioned, the Tenant, conducted business in the State of New York.

7. That at all times hereinafter mentioned, the Tenant, derived and continues to derive substantial revenue in the State of New York.

8. That at all times hereinafter mentioned, All Kindza, was a domestic corporation authorized to conduct business in the State of New York.

9. That at all times hereinafter mentioned, All Kindza, was a foreign corporation authorized to conduct business in the State of New York.

10. That at all times hereinafter mentioned, All Kindza, is licensed to conduct business in the State of New York.

11. That at all times hereinafter mentioned, All Kindza, conducted business in the State of New York.

12. That at all times hereinafter mentioned, All Kindza, derived and continues to derive substantial revenue in the State of New York.

13. That heretofore plaintiff, Arthur Belfiore, commenced an action against defendant, Landlord. Defendant, Landlord than commenced a third-party action against David Sutherland Showrooms – New York LLC. A copy of Landlord's third-party impleader with exhibits is annexed as Exhibit "A". Tricon Construction Services, Inc. commenced a third-party action

against All Kindza.  A copy of Tricon Construction Servies,
Inc.'s impleader with exhibits is annexed as Exhibit "B".

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST TENANT
### FOR COMMON LAW INDEMNITY

14. Defendants/Second Third-party Plaintiffs repeat and
reallege each and every allegation contained in paragraphs 1
through 13 of this Second Third-party Complaint.

15. That David Sutherland Showrooms – New York LLC was a
tenant at the premises 979 Third Avenue, New York, NY on
November 22, 2005.

16. That at all relevant times on or before November 22,
2005, the Tenant, contracted for work to be performed at 979
Third Avenue, New York, New York.

17. That at all relevant times on or before November 22,
2005, the Tenant, hired or retained pursuant to a written
contract Tricon Construction Services, Inc. to perform
construction work at 979 Third Avenue, New York, New York.

18. That at all relevant times on or before November 22,
2005, All Kindza Flooring, Inc. was hired or retained to perform
construction work by the Tenant's contractor, Tricon
Construction Services, Inc. at 979 Third Avenue, New York, New
York.

19. That if the plaintiff sustained injuries and damages in the manner alleged in plaintiff's Complaint, such injuries and damages were caused by reason of the negligence of the Tenant, its agents, servants and/or employees in their control, maintenance, supervision, inspection, and performance of the work at 979 Third Avenue, New York, New York.

20. That if plaintiff recovers against the Landlord, The Landlord will be entitled to common law indemnity from the Tenant, based upon the principle of common law indemnity.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST TENANT FOR CONTRIBUTION

21. Defendants/ Second Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Third-party Complaint.

22. If plaintiff recovers against the Landlord, the Landlord will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from the Tenant, for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST TENANT FOR CONTRACTUAL INDEMNIFICATION

23. Defendants/ Second Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 of this Second Third-party Complaint.

24. That on prior to November 22, 2005, the Landlord entered into a lease with the Tenant. A copy of said lease is annexed as Exhibit "C".

25. That §12.01 of the lease provides the Tenant shall indemnify Landlord, and save Landlord harmless from any liability to and claim by or on behalf of any person…arising from (a) from the use by the Tenant of the Demised Premises or from any Improvements whatsoever done by Tenant, its contractor, or from any accident there at, unless due to the gross negligence or willful misconduct of Landlord and (b) from any breach or default by tenant under any terms and conditions of the lease. Tenant shall also indemnify Landlord from all costs, fees and expenses incurred by Landlord.

26. The Tenant, is obligated to contractually indemnify the Landlord for any judgment or settlement obtained by plaintiff in this action including defense costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST TENANT FOR BREACH OF CONTRACT

27. Defendants/ Second Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 - 26 of this Second Third-party Complaint.

28. That pursuant to the aforementioned agreement, the Tenant, was to provide liability insurance coverage for bodily

injury and to name the landlord as an additional insured on the insurance policy. Section 9.03 provides "whereby the tenant was to name Landlord (and Landlord's designees) and the Lessor as additional insureds, protecting and indemnifying Landlord and Lessor, against any and all claims for personal injury occurring upon, in or about the demised premises, and the public portions of the building used by tenant, … its contractors, as covered in a standard policy, including without limitation, personal injury resulting from any work performed by or on behalf of Tenant, with coverage of not less than 1 million."

29.  The Tenant, has failed and neglected to perform the conditions of said lease in that the Tenant, failed to obtain the above-insurance coverage for the Landlord pursuant to the aforementioned agreement.

30.  That by reason of the foregoing, the Tenant is liable to the Landlord for all damages resulting from the breach including defense costs and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL KINDZA FOR CONTRACTUAL INDEMNIFICATION

31. Defendants/Second Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 of this Second Third-party Complaint.

32. That on or prior to November 22, 2005, All Kindza entered into an agreement(s) with Tricon Construction Services,

Inc. for the performance of work at the premises.  A copy of the Purchase Orders and Purchase Order Rider is annexed as Exhibit "C".

33. That All Kindza was performing work pursuant to said agreements on November 22, 2005.

34. That pursuant to the terms of the Purchase Order Rider, All Kindza is obligated to contractually indemnify the Landlord for any judgment or settlement obtained by plaintiff in this action including defense costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST TENANT FOR BREACH OF CONTRACT

35.  Defendants/Second Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 - 34 of this Second Third-party Complaint.

36.  That pursuant to the aforementioned agreement, All Kindza was to provide liability insurance coverage for bodily injury and to name the landlord as an additional insured on the insurance policy.

37.  All Kindza has failed and neglected to perform the conditions of said agreement in that All Kindza failed to obtain the above-insurance coverage for the Landlord pursuant to the aforementioned agreement.

38.  That by reason of the foregoing, All Kindza is liable to the Landlord for all damages resulting from the breach including defense costs and attorneys' fees.

WHEREFORE, defendants/second third-party plaintiffs demand judgment over and against David Sutherland Showrooms - New York LLC. and All Kindza Flooring, Inc. for any and all such damages recovered by the plaintiff, herein, together with all costs and disbursements and attorneys' fees in connection with this action.

Pursuant to CPLR 3402(b), we give **NOTICE** that the title of this action has been changed from the style of the Complaint of the plaintiff (Exhibit "A") to the style of this SUMMONS and AMENDED SECOND THIRD-PARTY COMPLAINT; the calendar status of this action as of this date is:  **"NOT ON THE TRIAL CALENDAR"**.

DATED:  May 20, 2008
        New York, New York

                    Yours, etc.,
                    HOEY, KING, TOKER & EPSTEIN
                    Attorneys for Defendants/Second
                    Third-Party Plaintiffs,
                    **D&D Building Company LLC, Cohen
                    Brothers Realty Corporation and
                    979 Third Avenue Associates LLC**
                    Office and Post Office Address
                    55 Water Street, 29th Floor
                    New York, New York 10041-2899
                    (212) 612-4200

                    By: _____
                        Angela P. Pensabene (3511)

Exhibit A

# United States District Court

UNITED STATES _____ **DISTRICT OF** SOUTHERN DISTRICT _____

**PLAINTIFF** ARTHUR BELFIORE,

**V. DEFENDANT** ~~AND THIRD PARTY PLAINTIFF~~
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS REALTY
CORPORATION AND TRICON CONSTRUCTION SERVICES, INC.

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

**CASE NUMBER:** 08 CV 2365

979 THIRD AVENUE ASSOCIATES, LLC D&D BUILDING COMPANY,
LLC, COHEN BROTHERS REALTY CORPORATION,
                    Defendants and Third Party Plaintiffs

**V. THIRD PARTY DEFENDANT**
DAVID SUTHERLAND SHOWROOMS - NEW YORK LLC,

**To:** (Name and Address of Third Party Defendant)
David Sutherland Showrooms - New York LLC

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)

Wagner & Wagner, LLP
2508 Amboy Road
Staten Island, New York    10306

**DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY**
(name and address)

Hoey, King, Toker & Epstein
55 Water Street, 29th Floor
New York, New York 10041

Abrams, Gorelick, Friedman & Jacobson, P.C.
Attorneys for Defendant
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York    10004

an answer to the third-party complaint which is herewith served upon you within ___30___ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.

**J. MICHAEL McMAHON**

_____
CLERK

_____
(BY) DEPUTY CLERK

MAY 0 6 2008

_____
DATE

AO 441 (Rev. 5/85)   Third Party Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|

| NAME OF SERVER | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant.  Place where served: _____
_____

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age
and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other  (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____     _____
                    *Date*                                    *Signature of Server*


                                        _____
                                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

UNITED STATES _____ DISTRICT OF SOUTHERN DISTRICT

PLAINTIFF ARTHUR BELFIORE,

**THIRD PARTY SUMMONS IN A
CIVIL ACTION**

V. DEFENDANT ~~XXX WXXX PXXXX XXXXXXXX~~

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS REALTY
CORPORATION AND TRICON CONSTRUCTION SERVICES, INC.

CASE NUMBER:      08 CV 2365

979 THIRD AVENUE ASSOCIATES, LLC D&D BUILDING COMPANY,
LLC, COHEN BROTHERS REALTY CORPORATION,
                    Defendants and Third Party Plaintiffs

V. THIRD PARTY DEFENDANT

DAVID SUTHERLAND SHOWROOMS  - NEW YORK LLC,

To: (Name and Address of Third Party Defendant)

David Sutherland Showrooms - New York LLC

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Wagner & Wagner,LLP
2508 Amboy Road
Staten Island, New York    10306

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

Hoey, King, Toker & Epstein
55 Water Street, 29th Floor
New York, New York 10041

Abrams, Gorelick, Friedman & Jacobson, P.C.
Attorneys for Defendant
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York    10004

an answer to the third-party complaint which is herewith served upon you within __30____ days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.

**J. MICHAEL McMAHON**

_____
CLERK

_____
(BY) DEPUTY CLERK

MAY 0 6 2008

_____
DATE

AO 441 (Rev. 5/85)   Third Party Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                    *Date*                        *Signature of Server*

                                          _____
                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ARTHUR BELFIORE,                                    Index No.:  08 CV
                                                    2365

                        Plaintiff,

            v.                                      **THIRD-PARTY COMPLAINT**

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION AND TRICON CONSTRUCTION
SERVICES, INC.,

                        Defendants.
----------------------------------------x
----------------------------------------x
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,

                        Third-Party Plaintiffs,

            v.

DAVID SUTHERLAND SHOWROOMS - NEW YORK LLC,

                        Third-Party Defendant,
----------------------------------------x

        Defendants/Third-Party Plaintiffs, 979 Third Avenue

Associates, LLC, D&D Building Company, LLC, Cohen Brothers

Realty Corporation (hereinafter "Landlord") by their attorneys,

HOEY, KING, TOKER & EPSTEIN, as and for their Third-Party

Complaint against Third-Party Defendant, David Sutherland

Showrooms - New York LLC (hereinafter "Tenant") respectfully

allege upon information and belief as follows:

        1. Defendant/third-party plaintiff, 979 Third Avenue

Associates, LLC, is a limited liability company duly formed and

existing under and by virtue of the laws of the State of New York.

2. Defendant/third-party plaintiff, D&D Building Company, LLC, is a limited liability company duly formed and existing under and by virtue of the laws of the State of New York.

3. Defendant/third-party plaintiff, Cohen Brothers Realty Corporation, is a corporation duly formed and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, the Tenant, was a foreign limited liability company organized and existing under and by virtue of the laws of the State of Texas with its principal place of business at 979 Third Avenue, Room 813, New York, New York 10022.

5. That at all times hereinafter mentioned, the Tenant, was a foreign limited liability company authorized to do business within the State of New York.

6. That at all times hereinafter mentioned, the Tenant, conducted business in the State of New York.

7. That at all times hereinafter mentioned, the Tenant, derived and continues to derive substantial revenue in the State of New York.

8. That heretofore plaintiff, Arthur Beltiore, commenced an action against defendant, Landlord. A copy of plaintiff's Complaint is annexed as Exhibit "A" and the contents therein are incorporated by reference herein as if more fully set forth at length. A copy of Landlord's Answer is annexed as Exhibit "B".

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST TENANT**
**FOR COMMON LAW INDEMNITY**

9. Defendants/Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 8 of this Third-party Complaint.

10. That David Sutherland Showrooms - New York LLC was a tenant at the premises 979 Third Avenue, New York, NY on November 22, 2005.

11. That at all relevant times on or before November 22, 2005, the Tenant, contracted for work to be performed at 979 Third Avenue, New York, New York.

12. That at all relevant times on or before November 22, 2005, the Tenant, hired or retained pursuant to a written contract Tricon Construction Services, Inc. to perform construction work at 979 Third Avenue, New York, New York.

13. That at all relevant times on or before November 22, 2005, All Kindza Flooring, Inc. was hired or retained to perform construction work by the Tenant's contractor, Tricon

Construction Services, Inc. at 979 Third Avenue, New York, New York.

14. That if the plaintiff sustained injuries and damages in the manner alleged in plaintiff's Complaint, such injuries and damages were caused by reason of the negligence of the Tenant, its agents, servants and/or employees in their control, maintenance, supervision, inspection, and performance of the work at 979 Third Avenue, New York, New York.

15. That if plaintiff recovers against the Landlord, The Landlord will be entitled to common law indemnity from the Tenant, based upon the principle of common law indemnity.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST TENANT**
**FOR CONTRIBUTION**

16. Defendants/Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Third-party Complaint.

17. If plaintiff recovers against the Landlord, the Landlord will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from the Tenant, for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST TENANT
## FOR CONTRACTUAL INDEMNIFICATION

18. Defendants/Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Third-party Complaint.

19. That on prior to November 22, 2005, the Landlord entered into a lease with the Tenant. A copy of said lease is annexed as Exhibit "C".

20. That §12.01 of the lease provides the Tenant shall indemnify Landlord, and save Landlord harmless from any liability to and claim by or on behalf of any person…arising from (a) from the use by the Tenant of the Demised Premises or from any improvements whatsoever done by Tenant, its contractor, or from any accident there at, unless due to the gross negligence or willful misconduct of Landlord and (b) from any breach or default by tenant under any terms and conditions of the lease. Tenant shall also indemnify Landlord from all costs, fees and expenses incurred by Landlord.

21. The Tenant, is obligated to contractually indemnify the Landlord for any judgment or settlement obtained by plaintiff in this action including defense costs and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST TENANT
## FOR BREACH OF CONTRACT

22.  Defendants/Third-party Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 - 22 of this Third-party Complaint.

23.  That pursuant to the aforementioned agreement, the Tenant, was to provide liability insurance coverage for bodily injury and to name the landlord as an additional insured on the insurance policy.  Section 9.03 provides "whereby the tenant was to name Landlord (and Landlord's designees) and the Lessor as additional insureds, protecting and indemnifying Landlord and Lessor, against any and all claims for personal injury occurring upon, in or about the demised premises, and the public portions of the building used by tenant, … its contractors, as covered in a standard policy, including without limitation, personal injury resulting from any work performed by or on behalf of Tenant, with coverage of not less than 1 million."

24.  The Tenant, has failed and neglected to perform the conditions of said lease in that the Tenant, failed to obtain the above-insurance coverage for the Landlord pursuant to the aforementioned agreement.

25.   That by reason of the foregoing, the Tenant is liable to the Landlord for all damages resulting from the breach including defense costs and attorneys' fees.

WHEREFORE, defendants/third-party plaintiffs demand judgment over and against the Tenant, for any and all such damages recovered by the plaintiff, herein, together with all costs and disbursements and attorneys' fees in connection with this action.

Pursuant to CPLR 3402(b), we give **NOTICE** that the title of this action has been changed from the style of the Complaint of the plaintiff (Exhibit "A") to the style of this SUMMONS and THIRD-PARTY COMPLAINT; the calendar status of this action as of this date is:  **"NOT ON THE TRIAL CALENDAR"**.

DATED:  May 5, 2008
        New York, New York

                          Yours, etc.,

                          HOEY, KING, TOKER & EPSTEIN
                          Attorneys for Defendants/Third
                          Party Plaintiffs,
                          **D&D Building Company LLC, Cohen
                          Brothers Realty Corporation and
                          979 Third Avenue Associates LLC**
                          Office and Post Office Address
                          55 Water Street, 29th Floor
                          New York, New York 10041-2899
                          (212) 612-4200

                          By: _____
                              Angela P. Pensabene (APP 3511)

To:

David Sutherland Showrooms - New York LLC
Third-Party Defendant
CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

Wagner & Wagner, LLP
Attorneys for Plaintiff, Arthur Belfiore
2508 Amboy Road
Staten Island, New York 10306

Abrams, Gorelick, Friedman & Jacobson, PC
Attorneys for Defendant,
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York 10004

Exhibit B

AO 441  (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

PLAINTIFF
ARTHUR BELFIORE

**THIRD PARTY SUMMONS IN A
CIVIL ACTION**

V. DEFENDANT AND THIRD PARTY PLAINTIFF

TRICON CONSTRUCTION SERVICES, INC.

Case Number:  08-CV-2365 (LAP)(RLE)

V. THIRD PARTY DEFENDANT
ALL KINDZA FLOORING, INC.

To: Name and address of Third Party Defendant

ALL KINDZA FLOORING
c/o Donna Connolly
484 Hawkins Avenue
Ronkonkoma, New York 11779

**YOU ARE HEREBY SUMMONED** and required to serve on

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| Wagner & Wagner, LLP<br>2508 Amboy Road<br>Staten Island, New York 10306 | Abrams, Gorelick, Friedman & Jacobson, P.C.<br>One Battery Park Plaza<br>Fourth Floor<br>New York, New York 10004 |

an answer to the third-party complaint which is served on you with this summons, within _____20_____ days after the service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint.  There is also served on you with this summons a copy of the complaint of the plaintiff.  You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 0 2 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 441 (Rev. 8/01) Third Party Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the third-party defendant.  Place where served:

☐  Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:


☐  Other (specify):


## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                               *Signature of Server*


                                        _____
                                        *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ARTHUR BELFIORE,

                              Plaintiffs,

                -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                              Defendant(s).

------------------------------------------------------------------x

TRICON CONSTRUCTION SERVICES, INC.,

                              Third-Party Plaintiff,

                -against-

ALL KINDZA FLOORING, INC.,

                              Third-Party Defendant.

------------------------------------------------------------------x

***THIRD-PARTY
COMPLAINT***

*Case No.  08-CV-2365
(LAP)(RLE)*

RECEIVED
MAY 0 2 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Defendant / Third-Party Plaintiff, TRICON CONSTRUCTION SERVICES, INC., by its
attorneys, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., as and for its Third-Party
Complaint against the Third-Party Defendant ALL KINDZA FLOORING, INC., alleges, upon
information and belief, as follows:

1.      Defendant / Third-Party Plaintiff, TRICON CONSTRUCTION SERVICES,
INC., (hereinafter "TRICON") was and still is a New York corporation authorized to conduct
business in the State of New York, having its principal place of business located in New York,
New York.

1

2. That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA FLOORING, INC. (hereinafter "ALL KINDZA") was a domestic corporation authorized to conduct business in the State of New York.

3. That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, was a foreign corporation authorized to conduct business in the State of New York.

4. That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, was a partnership authorized to do business in the State of New York.

5. That all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, was a sole proprietorship authorized to do business in the State of New York.

6. That at all times hereinafter mentioned, Third-Party Defendant, ALL KINDZA, is licensed to conduct business in the State of New York.

7. That the Plaintiff, ARTHUR BELFIORE, was and still is a citizen and resident of the State of New Jersey.

8. That this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 and Fed. R. Civ. P. 14 in that this is a civil action of which this Court has original jurisdiction, and supplemental jurisdiction is appropriate over the claims herein asserted in that they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

9. That the Plaintiff, ARTHUR BELFIORE, commenced an action against Defendant / Third-Party Plaintiff, TRICON. A copy of Plaintiff's Verified Complaint is annexed hereto as Exhibit "A", and the contents therein are incorporated by reference herein as more fully set forth at length.

10.    That the Defendant / Third-Party Plaintiff, TRICON, has denied all material allegations in Plaintiff's Verified Complaint. A copy of Defendant / Third-Party Plaintiff 's Answer is annexed hereto as Exhibit "B".

11.    That at the time of the alleged accident, the Plaintiff, ARTHUR BELFIORE, was working for Third-Party Defendant, ALL KINDZA.

12.    That, at the time of the alleged accident, Third-Party Defendant, ALL KINDZA was hired and/or retained pursuant to written contracts and/or agreements by Defendant / Third-Party Plaintiff, TRICON to perform construction, renovation, alternation, and/or demolition at 979 Third Avenue, New York, New York (hereinafter "the Premises").

13.    That the Third-Party Defendant, ALL KINDZA failed to provide the Plaintiff with a safe place to work, and failed to see that the worksite at the Premises was kept reasonably safe and free from dangers and hazards to those working at the worksite at the Premises.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## ALL KINDZA FLOORING, INC. FOR BREACH OF CONTRACT

14.    Defendant / Third-Party Plaintiff, TRICON, repeats and realleges each and every allegation contained in paragraphs "1" through "12" of this Third-Party Complaint.

15.    That on or before October 30, 2005, the Defendant / Third-Party Plaintiff, TRICON, entered into a contract with ALL KINDZA for the performance of work at the Premises.

3

16.    That on or before October 30, 2005, the Defendant / Third-Party Plaintiff, TRICON, entered into a written contract with ALL KINDZA for the performance of work at the Premises.

17.    That on or before October 30, 2005, the Defendant / Third-Party Plaintiff, TRICON, entered into an oral contract with ALL KINDZA for the performance of work at the Premises.

18.    That on or before October 30, 2005 ALL KINDA had commenced work at the Premises.

19.    That on or before October 30, 2005, that the worked required from ALL KINDZA was memorialized in a Purchase Orders.

20.    That the Purchase Orders for the work performed at the Premises were executed by Donna Connolly.

21.    That on or before October 30, 2005, Donna Connolly was the Chairman or CEO of ALL KINDZA.

22.    That on or before October 30, 2005, Donna Connolly was the Principal Executive Officer of ALL KINDZA.

23.    That on or before October 30, 2005, Donna Connolly was authorized to execute contracts on behalf of ALL KINDZA.

24.    That ALL KINDZA performed the work as specified in the written Purchase Orders at the Premises.

25.    That ALL KINDZA was paid for the work it performed at the Premises.

26.    That ALL KINDZA accepted payment pursuant to the terms of the written Purchase Orders for the work it performed at the Premises.

4

27.    That the Purchase Orders for the ALL KINDZA'S work at the premises was subject to the terms and conditions in the attached rider dated 5/21/99.

28.    That the attached as Exhibit "C" is a true and complete copy of the Purchase Orders and the rider, dated 5/21/99, which was attached to the Purchase Orders for the Premises.

29.    That the terms of the rider, dated 5/21/99, required ALL KINDZA to obtain "Comprehensive General Liability Insurance" and name TRICON as an additional insured.

30.    That on or before October 30, 2005, ALL KINDZA failed to properly obtained a commercial general liability policy naming TRICON as an additional insured.

31.    If the plaintiff sustained the damages in a matter alleged in plaintiff's Complaint, all of which have been specifically denied by defendant/third-party plaintiff, that by reason of ALL KINDZA'S failure to procure insurance and breach of the rider, dated 5/21/99, defendant/third-party plaintiff is entitled to have judgment over and against the third-party defendant for all or any part of the verdict of judgment that plaintiff may recover against defendant/third-party plaintiff, as well as any attorneys' fees, costs of investigation and disbursement.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT
## ALL KINDZA FLOORING, INC. FOR CONTRACUAL INDEMNIFICATION

32.    Defendant / Third-Party Plaintiff, TRICON, repeats, reiterates and realleges each and every allegation contained in paragraphs of this Third-Party Complaint designated "1" through "30," inclusive, with the same force and effect as if more fully set forth at length, herein.

5

33.    That pursuant to the terms of the rider, dated 5/21/99, the Third-Party Defendant, ALL KINDZA, was to defend and indemnify the Defendant/Third-Party Plaintiff, TRICON, against all claims resulting the performance of ALL KINDZA'S work.

34.    That it is claimed by the plaintiff, ARTHUR BELFIORE, that he was injured while performing ALL KINDZA'S work.

35.    That pursuant to the terms of the rider, dated 5/21/99, the third-party defendant, ALL KINDZA, is obligated to defendant and indemnify the defendant/third-party plaintiff, TRICON, in the action commenced by the plaintiff, ARTHUR BELFIFORE.

36.    That TRICON had previously tendered it defense and indemnification to ALL KINDZA.

37.    To date, ALL KINDZA has yet to reject, accept or respond to TRICON'S tender.

38.    That by reason of the foregoing, defendant/third-party plaintiff, TRICON, is entitled to contractual indemnification from and to have judgment over and against the third-party defendant, ALL KINDZA, for all or any part of the verdict of judgment that plaintiff may recover against defendant/third-party plaintiff, as well as any attorneys' fees, costs of investigation and disbursement.

WHEREFORE, Defendant / Third-Party Plaintiff, TRICON, demands judgment over and against Third-Party Defendant, ALL KINDZA, for the full amount of any judgment that may be awarded to the Plaintiff herein, including all sums that may be obtained from, or adjudged against, Defendant / Third-Party Plaintiff, TRICON in favor of the Plaintiff, as well as indemnity and/or contribution from, Third-Party Defendant, ALL KINDZA, for all, or a proportionate

share, of all sums that may be obtained from, or adjudged against, Defendant / Third-Party

Plaintiff, TRICON, in favor of the Plaintiff, as well as attorney's fees, expenses, costs and

disbursements of this action.

Dated: New York, New York
        May 2, 2008

                                    ABRAMS, GORELICK, FRIEDMAN &
                                    JACOBSON, P.C.
                                    Attorneys for Defendant,
                                    TRICON CONSTRUCTION SERVICES, INC.

                                    By:
                                         Steven DiSiervi (SD – 2511)
                                    One Battery Park Plaza – 4th Floor
                                    New York, New York  10004
                                    (212) 422-1200

TO:    Edward Wagner, Esq.
       WAGNER & WAGNER, LLP
       Attorney for Plaintiff
       2508 Amboy Road
       Staten Island, New York  10306
       (718) 667-7400

       Angela P. Pensabene, Esq.
       HOEY, KING, TOKER & EPSTEIN
       Attorneys for the Defendants
       979 THIRD AVENUE ASSOCIATES, LLC,
       D&D BUILDING COMPANY, LLC, and
       COHEN BROTHERS REALTY CORPORATION
       55 Water Street
       29th Floor
       New York, New York 10041-2899
       (212) 612-4200

7

Exhibit C

Tricon Construction Services
11 Penn Plaza, 5th Floor
New York, NY 10001
212-946-4960

**Subcontract P.O. FL 0692**

Contract Date: 11/09/05

**To:**  All Kindza Flooring, Inc.
1373 Lincoln Avenue
Holbrook, NY 11740

**Project:** 05-0627
Sutherland
979 Third Avenue
New York, NY

Fax: 631-467-0133

You are hereby directed to perform the following work
the plans and specifications provided.

Plans Attached _____
Specification _____

| Description of Work | Cost Code | Description | Amount |
|---|---|---|---|
| Flooring | | Flooring | 1,340.00 |

Notes

Additional charge for extra material and labor required to increase mud work from 1" to 1 ½' to cover raised conduit on floor.
All work as per Change Order #1 dated 11/07/05 and All Kindza Inv #4797 dated 11/09/05.

Written or verbal agreement of this purchase order constitutes commitment to all terms and conditions set forth by this purchase order. The General Contractor must be notified in writing within (5) days of this agreement, any missing information, lack of availability of material and manpower shortages that will impact the attached project schedule and/or impose any hardships. Failure to do so will result in back charges. All project acceleration costs impacted will be forwarded to the subcontractor. Included in this purchase order is all costs to expedite material. Includes all sales tax as required by your trade. All work and/or materials must be delivered with the related time frame indicated in the attached project schedule.

1. This Purchase Order is not binding until accepted by TCS.
2. This Purchase Order covers the contract amount only set forth herein.
3. Additional work is to be billed separately and have a separate PO.
4. This P.O. is subject to the terms and conditions in the attached rider dated 5/21/99.
5. All work per Tricon's progress schedule.

Amount of Contract       | 1,340.00 |

Contractor _____

Subcontractor _____

Date _____

Date 11/17/05

Tricon Construction Services
11 Penn Plaza, 5th Floor
New York, NY 10001
212-946-4960

**Subcontract P.O. FL 0662**

Contract Date: 10/30/05

**To:**   All Kindza Flooring, Inc.
       1373 Lincoln Avenue
       Holbrook, NY 11740

**Project:** 05-0627
          Sutherland
          979 Third Avenue
          New York, NY

Fax: 631-467-0133

You are hereby directed to perform the following work
the plans and specifications provided.

Plans Attached _____
Specification _____

| Description of Work | Cost Code | Description | Amount |
|---|---|---|---|
| Flooring | | Flooring | 42,000.00 |

**Notes:**
Provide labor and material to install 3,608 sq ft of ¾" x 24" x 24" Stone tile at floor of reception area, showroom areas, A, B, C, & D, workroom and visitor's work area.

Written or verbal agreement of this purchase order constitutes commitment to all terms and conditions set forth by this purchase order. The General Contractor must be notified in writing within (5) days of this agreement, any missing information, lack of availability of material and manpower shortages that will impact the attached project schedule and/or impose any hardships. Failure to do so will result in back charges. All project acceleration costs impacted will be forwarded to the subcontractor. Included in this purchase order is all costs to expedite material. Includes all sales tax as required by your trade. All work and/or materials must be delivered with the related time frame indicated in the attached project schedule.

1. This Purchase Order is not binding until accepted by TCS.
2. This Purchase Order covers the contract amount only set forth herein.
3. Additional work is to be billed separately and have a separate PO.
4. This P.O. is subject to the terms and conditions in the attached rider dated 5/21/99.
5. All work per Tricon's progress schedule.

Amount of Contract      [        42,000.00

Contractor _____         Date _____

Subcontractor _Katie Connolly_              Date _11/25/05_



Tricon Construction Services
11 Penn Plaza, 5th Floor
New York, NY 10001
212-946-4960

**Subcontract P.O. FL 0691**

Contract Date: 11/09/05

To:     All Kindza Flooring, Inc.
        1373 Lincoln Avenue
        Holbrook, NY 11740

**Project:** 05-0627
Sutherland
979 Third Avenue
New York, NY

Fax: 631-467-0133

---

You are hereby directed to perform the following work
the plans and specifications provided.

Plans Attached
Specification

---

| Description of Work | Cost Code | Description | Amount |
|---|---|---|---|
| Flooring | | Flooring | 2,716.00 |
| Notes | | | |

Provide labor on premium time charges for working on Friday 11/11/05 (Veterans Day).
All work as per Change Order #2 dated 11/09/05 and All Kindza Inv#4798 dated 11/09/05.

Written or verbal agreement of this purchase order constitutes commitment to all terms and conditions set forth by this purchase order. The General Contractor must be notified in writing within (5) days of this agreement, any missing information, lack of availability of material and manpower shortages that will impact the attached project schedule and/or impose any hardships. Failure to do so will result in back charges. All project acceleration costs impacted will be forwarded to the subcontractor. Included in this purchase order is all costs to expedite material. Include all sales tax as required by your trade. All work and/or materials must be delivered with the related time frame indicated in the attached project schedule.

1. This Purchase Order is not binding until accepted by TCS.
2. This Purchase Order covers the contract amount only set forth herein.
3. Additional work is to be billed separately and have a separate PO.
4. This P.O. is subject to the terms and conditions in the attached rider dated 5/21/99.
5. All work per Tricon's progress schedule.

Amount of Contract     2,716.00

Contractor _____     Date _____

Subcontractor _____     Date 11/17/05



**PURCHASE ORDER RIDER**
**Dated: 5/21/99**
**Terms and Conditions:**

The terms "you", "your" and "Subcontractor" refer to the undersigned Subcontractor.

The terms "we", "us", "our" and "Contractor" refer to Tricon Construction Services, Inc.

The terms "Owner" or "Tenant" refer to the owner or tenant of the premises where the work is being performed.

The term "Work" refers to all labor to be performed and materials to be supplied by Subcontractor.

The term "Contract Documents" refers to the underlying documents, which constitute a part of the agreement between Tricon Construction Services, Inc. and the Owner and/or Tenant.

The term "Agreement" refers to the agreement between Subcontractor and Tricon Construction Services, Inc.

1.  This Work (is/is not) a capital improvement.
    You agree to be bound to us by the terms of the agreement for this project between us and the Owner including all Contract documents, and to assume toward Contractor all of the obligations and responsibilities that we by said documents assume/toward the Owner, provided that where any provision of the Contract Documents between the Owner and us is inconsistent with any provision of this P.O. this P.O. shall govern.

2.  Unless otherwise stated elsewhere in this order, the purchase order price is (a) firm for the duration of the Project and (b) includes all charges for labor, materials, insurance, packing, transportation, delivery, coordination, scaffolding and all applicable taxes.

3.  The following parties shall be listed as "Additional Insured", in addition to those noted in paragraph 14:

4.  You must sign and return this document within (5) days from the date hereof or, at our option, this Purchase Order may be deemed null and void. We will not make payment for the work indicated unless we have a signed copy of this document in our possession. Upon written approval by us and the Owner, your invoice shall be paid, in the net amount of its request, if and only if, we receive payment from the Owner for said invoice. Receipt of payment from Owner for the Work or any portion thereof is a condition precedent to our payment to you. You rely on credit of Owner, not us, for payment. If we do not receive payment from the Owner for any invoice, notwithstanding whether same was approved, we shall have no further obligation to pay you. If we have withheld retention any same shall be paid to the you after approval and acceptance of the entire project by the Owner. Final payment will be due when all governmental sign-offs are completed. You acknowledge all payments are contingent upon the owner paying us.

5.  You shall bear the risk of loss of any materials until we acknowledge receipt of the materials at the Project. If this Purchase Order requires installation, and loss occurs after delivery but before acceptance of installation, you shall also bear the risk of loss of the materials until such acceptance, up to the amount of any deductible on the Owner's Builder's Risk Insurance.

6.  If you, while performing the Work, damage any existing installation or work of any others, corrective work will be performed by us at your cost. Except in emergencies, you will be notified prior to our commencing such corrective work, which will be performed at a competitive rate whenever allowed by schedule and circumstances.

7.  You hereby guarantee the good quality of the workmanship and materials being supplied by you under this Purchase Order, and if any defect therein appears within one (1) year after issue of the Certificate of Completion and / or acceptance of the work by Owner, because of faulty workmanship or materials without additional charge to us. Further guarantees, bonds or the like, required by the Contract Documents shall also be furnished by you with your final billing.

8.  You shall keep the construction site and surrounding premises clean at all times of debris arising out of your operations. Should you fail to do so in a timely manner, we shall cause this work to be done by others and deduct any costs and expenses from your contract price.

Page 1 of 3                                          _____ Initials

9.    Time is of the essence of your obligations. In addition to all other rights or remedies which we may have at law or in equity we reserve the right to terminate this Agreement in whole or in part, after giving there (3) days written notice to the you or your Suppliers and/or Sub subcontractors without cost or expense to us, in the event of the happening of any of the following which shall be deemed occasions of default by you or your Suppliers:   failure to perform the Work in accordance with the completion date or dates specified and implied in this Agreement, failure in any respect to execute the Work with promptness and diligence:   breach of any of the warranties contained herein, failure to pay promptly for labor, materials, machinery, equipment, tools, plants, facilities, work, services or any of its other obligations:   interference with the work of others or causing stoppages or delays; insolvency; the execution of an assignment for the benefit of creditors; the filing of proceedings in bankruptcy or for corporate reorganization or arrangement by or against you or your Suppliers and/or Sub subcontractors or its assets; liquidation proceedings instituted by or against the you or your Suppliers; failure to strictly comply with the terms and conditions of this Agreement .   In the event of such termination by us, we may provide through ourselves, or through others, any labor, materials, equipment, machinery, tools, plant facilities and services for the performance of the work and completion of this Agreement, and deduct the cost and expense thereof or from any money due or thereafter to become due to you or your Suppliers.   Should we terminate this Agreement, you or your Suppliers and/or Sub subcontractors shall not be entitled to receive any further payments under this Agreement until the Work shall be wholly finished, at which time, if the unpaid balance of the amount due to you and your Suppliers shall exceed the cost and expense incurred by the us in completing the Agreement such excess shall be paid by us, the Contractor to the Supplier and/or Sub subcontractor, but, if such cost and expense shall exceed such unpaid balance, then the you and your   Suppliers and/or Sub subcontractors shall pay the difference, on demand, to us   The cost and expense incurred by us shall include all costs of completing the Work, all payments for labor, materials, equipment, machinery, tools, plant facilities, services, all other obligations of you and your Suppliers incurred by you and your Suppliers and paid directly by us, any damages incurred through your default and or your Suppliers and also any other costs or expenses incurred by us, including, but not limited to, legal fees and disbursements.

10.    In addition to all other rights of revocation or termination hereunder and notwithstanding any other provision of this Agreement we may terminate this Agreement and your rights hereunder without cause at any time upon three (3) days written notice to you in such event of this Agreement shall cease and expire on the date set forth in the notice of termination as fully and completely and as though such dates were the original expiration date hereof, the amount of the installment due to you from us shall be prorated on a daily basis.

11.    In the event the Agreement is terminated pursuant to paragraph 9 above, and it is determined that said termination was wrongful, then the parties agree that said termination shall be deemed to be a termination pursuant to paragraph 10.

12.    We reserve the right to suspend or terminate all or part of the Agreement without liability in the event of strikes, differences with labor, interruption of transportation, accident to plant or equipment fire, failure to obtain governmental approvals, acts of God or any contingencies beyond our or the Owner's reasonable control.   In the event of such termination of suspension you shall be entitled to payment for your work in the amount valued for your work in our final settlement with Owner as your sole and exclusive remedy.   You agree not to make, and hereby waive any claim for damages   on account of any delay, obstruction or hindrance for any cause, whatsoever, including but not limited to the aforesaid causes, and agrees that your sole right and remedy in the case of any delay, obstruction or hindrance shall be an extension of the time fixed for completion of the Work.

13.    If this Purchase Order involves Labor at the Project, you shall:   (a) comply with (i) all applicable legal requirements affecting means and methods of construction, including all safety and health regulations, (ii) all directions given by us, including directions with respect to scheduling and coordination; and (iii) all rules and regulations of the building; and (b) provide competent workers, who shall work in harmony with other workers at the building and work area.   You acknowledge that you have examined the work area, the building and any adjoining areas and that you are fully familiar with the conditions and accept the same without reservation.   You shall comply with all applicable safety requirements as established by governmental agencies, municipalities, statutes, codes and regulations and with all safety regulations established by us.   You shall report immediately to us any injuries suffered by your employees or any injuries to other persons or property damage arising out of your operations.   We shall be furnished with two (2) copies of the incident report within three (3) days of an injury or damage.

14.    You and/or your Suppliers and/or Sub subcontractors shall take all field measurements, furnish all the required samples and drawings, comply with all governmental laws and decrees, give authorities timely and proper notices where required, secure and pay for all necessary permits, licenses, inspections, tests and bonds required for the work covered by this purchase order.

15.    You, and any of your Suppliers and/or Sub subcontractors, shall complete the Work in accordance with the Contract Documents between us and Owner, and shall keep the property, equipment, and materials supplied or upon which Work

is performed, free of any claim or charge from others. If there shall be evidence of any claim, lien, chattel mortgage, conditional bill of sale or security interest which, if established, the Owner and or us might become liable and which in any way relates to or arises out of the Work, or it is claimed in any way to relate to, or arise out of the Work, we shall have the right to retain out of any payments then due or thereafter to become due, an amount sufficient to completely indemnify and protect the Contractor and Owner against such lien, claim, chattel mortgage conditional bill of sale or security interest. In the event that any such lien, claim chattel mortgage, conditional bill of sale or security interest shall be filed and you shall fail to so remove or discharge the same within five (5) days after notice from us, then we shall in addition to our rights under the preceding paragraphs, have the right to remove or discharge the same by bonding, payment or otherwise, in our sole discretion for your account, or for the account of any of your Sub subcontractors or Suppliers. The amount of any payment, costs and expenses made or incurred by us in connection with the removal or discharge of any such claim, lien, chattel mortgage, conditional bill of sale or security interest as aforesaid, and all cost related thereto including reasonable attorney's fees, may be deducted by us from any payments or amounts then due thereafter to become due to you, your Sub subcontractors, or any of your Suppliers or retained by us as aforesaid. If any amount retained by us, or any payment or payments due you or your Sub subcontractors or Suppliers and unpaid shall not be sufficient to remove or discharge any such claim, lien, chattel mortgage, conditional bill of sale or security interest and/or to reimburse us our costs and expenses in connection therewith, or if you, your Sub subcontractors, or Suppliers shall have been fully paid, you, your Sub subcontractors, and/or your Suppliers shall pay to us on demand the amount required to satisfy such claim, lien, chattel mortgage, conditional bill of sale or security interest and our costs, expenses, and attorney fees in connection herewith.

16. You shall immediately furnish certificates of insurance evidencing the following insurance from companies approved by us: (I) Workers' Compensation Insurance and any other employee benefit insurance, as required by law; (II) Comprehensive Automobile Liability Insurance for $1,000,000 combined single limit for all owned, hired and non-owned vehicles; (III) Comprehensive General Liability Insurance, including contractual liability, products/completed operations liability, broad form property damage, employees as additional insured and deletion of the "XCU" exclusion (if any), for $1,000,000 combined single limit and (IV) Umbrella Liability Insurance for $2,000,000 in excess of the primary coverage stated herein. All policies except for Worker's Compensation shall designate us the Owner, the Building Landlord, and their respective subsidiaries and affiliates, and any managing agents and mortgages requested by us, as their interests may appear. All policies shall provide for at least 30 days' written notice to us before cancellation or material alteration of the policy. If we request you to do so, you shall provide certified photocopies of these policies. If you engage a Sub-Subcontractors, it is your affirmative duty to ensure that the Subcontractor complies with all of the insurance and related requirements of this purchase order, and the Contract documents.

17. To the fullest extent permitted by law, you shall defend, indemnify and hold us, the Tenant/Owner, the Building Landlord, the managing agent and each member, director, officer agent and employee thereof, harmless against all claims, losses and damages, including reasonable attorneys' fees and disbursements, arising out of or in connection with this Purchase Order, including but not limited to any negligent or wrongful act, error or omission or breach of contract or infringement of any patent, copyright or trademark by you, or your agents and employees provided that, you shall not be obligated to indemnify or hold harmless such person or entity for that relative portion of any bodily injury or property damage claim or loss to the extent contributed to, caused by, or resulting from the negligence of such person or entity. Should any claim arising out of this Agreement be made against any person entity entitled to be indemnified above, you shall diligently render to such person or entity any and all assistance that may be requested by such person or entity.

18. You shall not assign this Purchase Order or any part thereof or any moneys due or to become due hereunder without our prior written consent. We may assign this Purchase Order at any time to the Owner, to an affiliate of ours or to a lending institution as security for construction financing. If this Purchase Order is so assigned, you shall continue to be bound by its terms.

19. This Purchase Order is the complete and exclusive Agreement between us and supercedes any prior agreements between us with respect to the work. The terms and conditions contained in this Purchase Order may not be changed, modified or discharged except by written instrument, duly executed by both parties. This Purchase Order shall be governed by the law and the State in which the Project is located. You consent to the jurisdiction of any court within that State in any action or proceeding arising out of or in connection with this Purchase Order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x    Index No.:  08 CV 2365
ARTHUR BELFIORE,
                    Plaintiff,

        v.

979 THIRD AVENUE ASSOCIATES, LLC, D&D        **AFFIDAVIT OF SERVICE**
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION AND TRICON
CONSTRUCTION SERVICES, INC.,

                    Defendants,
-----------------------------------x
TRICON CONSTRUCTION SERVICES, INC.,         Index No.:

            Third-Party Plaintiffs,
        v.

ALL KINDZA FLOORING, INC.,

            Third-Party Defendant,
-----------------------------------x
979 THIRD AVENUE ASSOCIATES, LLC, D&D        Index No.:
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,

        Second Third-Party Plaintiffs,

        v.

DAVID SUTHERLAND SHOWROOMS - NEW
YORK LLC, AND ALL KINDZA FLOORING, INC.

        Second Third-Party Defendants.
-----------------------------------x
STATE OF NEW YORK          )
                              ss.
COUNTY OF NEW YORK         )

Vanessa Nicholas, being duly sworn, deposes and says:

1. That I am over the age of eighteen years and not a party to
   this action and reside in the City of Brooklyn, County of
   Kings and the State of New York

2. That on May 27, 2008, I served upon:

**Wagner & Wagner, LLP**
Attorneys for Plaintiff,
 **Arthur Belfiore**
2508 Amboy Road
Staten Island, New York 10306

**Abrams, Gorelick, Friedman & Jacobson, PC**
Attorneys for Defendant,
 **Tricon Construction Services, Inc.**
One Battery Park Plaza, 4th Floor
New York, New York 10004

**David Sutherland Showrooms - New York LLC**
 Third-Party Defendant
Ct Corporation System
111 Eighth Avenue
New York, New York, 10011

**All Kindza Flooring, Inc.**
Third-Party Defendant/Second Third-Party Defendant,
c/o Donna Connolly
484 Hawkins Avenue
Ronkonkoma, New York 11779

a true copy of the annexed **AMENDED SECOND THIRD-PARTY COMPLAINT**
by depositing them endorsed in a postpaid properly addressed
wrapper, in a post office or, official depository under the
exclusive care and custody of the United States Postal Service
within the State of New York, at the address designated by him
or her upon the last paper served by him or her in the action.

DATED:    May 27, 2008
          New York, New York

_Vanessa Nicholas_
Vanessa Nicholas

Sworn and subscribed
before me on May 27, 2008

_Aracelis Pineiro_
Notary Public

ARACELIS PINEIRO
NOTARY PUBLIC, State of New York
No. 01PI6122320
Qualified in Kings County
Commission Expires Feb. 7, 2009