UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ARTHUR BELFIORE,

                                                Plaintiff,

                    -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                                                Defendants.
-----------------------------------------------------------------------
TRICON CONSTRUCTION SERVICES, INC.,

                                        Third-Party Plaintiff,

                    -against-

ALL KINDZA FLOORING, INC.,

                                        Third-Party Defendant.
-----------------------------------------------------------------------
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,

                                Second Third-Party Plaintiffs,

                    -against-

DAVID SUTHERLAND SHOWROOMS – NEW YORK
LLC, and ALL KINDZA FLOORING, INC.,

                                Second Third-Party Defendants.
-----------------------------------------------------------------------X

ANSWER TO AMENDED
SECOND THIRD-PARTY
COMPLAINT

TRIAL BY JURY DEMAND
Case No.:  08 CV 2365

COUNSELORS:

The second third-party defendant, David Sutherland Showrooms - New York, LLC, by its attorneys, the Law Offices of John P. Humphreys, hereby answers the amended second third-party complaint of the defendants/second third-party plaintiffs, herein as follows:

1.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "1", "2", "3", "8", "9", "10", "11", "12", "13".

### ANSWERING A FIRST CAUSE OF ACTION
### AGAINST TENANT FOR COMMON LAW INDEMNITY

2.    Responding to the paragraph of the Complaint designated "14", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

3.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "18.

4.    Denies each and every allegation contained in the paragraph of the Complaint designated "19" and "20".

### ANSWERING A SECOND CAUSE OF ACTION
### AGAINST TENANT FOR CONTRIBUTION

5.    Responding to the paragraph of the Complaint designated "21", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

6.    Denies each and every allegation contained in the paragraph of the Complaint designated "22".

## ANSWERING A THIRD CAUSE OF ACTION
## AGAINST TENANT FOR CONTRACTUAL INDEMNIFICATION

7.    Responding to the paragraph of the Complaint designated "23", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

8.    Denies each and every allegation contained in the paragraph of the Complaint designated "24" and "26", and respectfully refers all questions of law to this Honorable Court.

## ANSWERING A FOURTH CAUSE OF ACTION
## AGAINST TENANT FOR BREACH OF CONTRACT

9.    Responding to the paragraph of the Complaint designated "27", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

10.    Denies each and every allegation contained in the paragraph of the Complaint designated "28", and respectfully refers all questions of law to this Honorable Court.

11.    Denies each and every allegation contained in the paragraph of the Complaint designated "29" and "30".

## ANSWERING A FIFTH CAUSE OF ACTION
## AGAINST ALL KINDZA FOR CONTRACTUAL INDEMNIFICATION

12.    Responding to the paragraph of the Complaint designated "31", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

13.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "32", "33" and "34".

ANSWERING A SIXTH CAUSE OF ACTION
AGAINST TENANT FOR BREACH OF CONTRACT

14.    Responding to the paragraph of the Complaint designated "35", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs with the same force and effect as if set forth at length herein.

15.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the Complaint designated "36", "37" and "38".

AS AND FOR A FIRST, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO
SECOND THIRD-PARTY PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF
ACTION, THIS SECOND THIRD-PARTY DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:

16.    That the plaintiff's alleged damages representing the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of such alleged damages by the amount such damages were or will be replaced or indemnified by such collateral source.

AS AND FOR A SECOND, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO
SECOND THIRD-PARTY PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF
ACTION, THIS SECOND THIRD-PARTY DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:

17.    This party's responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

AS AND FOR A THIRD, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO
SECOND THIRD-PARTY PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF
ACTION, THIS SECOND THIRD-PARTY DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:

18.    The injuries and damages allegedly sustained by plaintiff were caused in whole

or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a

result of which the claim of plaintiff is therefore barred or diminished in the proportion that such

culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and

damages.

AS AND FOR A FOURTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO
SECOND THIRD-PARTY PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF
ACTION, THIS SECOND THIRD-PARTY DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:

19.    Upon information and belief plaintiff(s) failed to mitigate damages.

AS AND FOR A FIFTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO
SECOND THIRD-PARTY PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF
ACTION, THIS SECOND THIRD-PARTY DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:

20.    That the plaintiff(s) has (have) failed to join, as defendants, all necessary and

proper parties in this action.

AS AND FOR A SIXTH, SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO
SECOND THIRD-PARTY PLAINTIFF'S ALLEGED CAUSE AND/OR CAUSES OF
ACTION, THIS SECOND THIRD-PARTY DEFENDANT RESPECTFULLY SETS FORTH
AND ALLEGES UPON INFORMATION AND BELIEF:

21.    Plaintiff's injuries, if any, were caused by the culpable conduct of parties other

than the answering defendant and over when defendant had no control.

<u>AS AND FOR A CROSS-CLAIM FOR INSURANCE COVERAGE</u>
<u>AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF, TRICON CONSTRUCTION</u>
<u>SERVICES, INC., THIS SECOND THIRD-PARTY DEFENDANT ALLEGES THE</u>
<u>FOLLOWING</u>:

22.     That if plaintiff(s) is/are entitled to recovery from this answering defendant(s),

then co-defendant(s) will be obliged to fully indemnify this answering defendant pursuant to the

terms of a contract/agreement/lease which provided that this answering defendant(s) shall be

named as an Additional Insured on the policy or policies of liability insurance obtained by co-

defendant; that in the event said co-defendant(s) failed to procure such insurance coverage for

this answering defendant then, pursuant to <u>Kinney v. G.W. Lisk Co.</u>, 76 N.Y.2d 215 (1990) said

co-defendant(s) shall be liable for and shall indemnify and hold this defendant(s) harmless for

any and all amounts awarded to said plaintiff(s), as well as all costs, disbursements and other

damages associated with this litigation.

23.     Further, if plaintiff(s) or any other party should recover judgment against this

answering defendant(s), then co-defendant(s) shall be liable to this defendant(s) for the alleged

occurrence and this defendant(s) is/are entitled to full indemnification from and judgment over

against said co-defendant(s) for all or part of any verdict or judgment which any party may

recover against the answering defendant(s) in such amounts as a jury or the Court may

determine.

24.     Answering defendant(s) demands judgment dismissing the Complaint herein as to

this defendant(s) and, further, demands judgment over and against co-defendant(s) for the

amount of any judgment which may be obtained herein by the plaintiff against this answering

defendant(s) or, in such amount as the Court or jury may determine, together with the costs and

disbursements of the action and the costs of prosecuting this cross-claim.

<u>AS AND FOR A COUNTERCLAIM FOR COMMON LAW INDEMNIFICATION
AGAINST DEFENDANTS, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING
COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION TRICON
CONSTRUCTION SERVICES, INC. AND THIRD-PARTY DEFENDANT, ALL KINDZA
FLOORING, INC., THIS SECOND THIRD-PARTY DEFENDANT ALLEGES THE
FOLLOWING:</u>

25.    That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the

time and place set forth in the Complaint through any carelessness, recklessness and/or

negligence other than the plaintiff's own, such damages were sustained in whole or in part due to

the primary and active carelessness, recklessness and negligence and/or negligent acts of

omission or commission of the defendant/third-party plaintiff, its agent(s), servant(s) and/or

employee(s) with the negligence of this answering third-party defendant(s), if any, being

secondary, derivative and created solely by operation of law.

26.    If plaintiff(s) should recover judgment against the answering third-party

defendant(s), then defendant/third-party plaintiff(s) shall be liable to fully indemnify this

answering third-party defendant(s) for the amount of any recovery obtained herein by plaintiff(s)

against this answering third-party defendant(s) as the Court or jury may direct.

27.    That by reason of this action, answering third-party defendant(s) has (have) been

and will be put to costs and expenses, including attorneys' fees, and, this third-party defendant(s)

demands judgment dismissing the Complaint herein as to this third-party defendant(s) and,

further, demands judgment over and against defendant/third-party plaintiff(s) for the amount of

any judgment which may be obtained herein by the plaintiff(s) against this answering third-party

defendant(s) or in such amount as a Court or jury may determine, together with the costs and

disbursements of the action.

<u>AS AND FOR A COUNTERCLAIM FOR CONTRACTUAL INDEMNIFICATION
AGAINST DEFENDANTS, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING
COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION AND TRICON
CONSTRUCTION SERVICES, INC., THIS SECOND THIRD-PARTY DEFENDANT
ALLEGES THE FOLLOWING:</u>

28.    That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the

time and place set forth in the Complaint through any carelessness, recklessness and/or

negligence other than the plaintiff's own, such damages were sustained in whole or in part by

any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or

commission of defendant/third-party plaintiff(s), its agent(s), servant(s) and/or employee(s).

29.    That defendant/third-party plaintiff(s) and this answering third-party defendant(s)

duly entered into a contract/agreement/lease wherein defendant/third-party plaintiff(s) agreed to

hold harmless, fully indemnify and assume the defense of this third-party defendant(s) and that

such contract/agreement/lease was in full force and effect on the date of the incident made the

subject of this litigation.  The relevant terms of such contract are hereby incorporated by

reference as if same were more fully set forth herein.

30.    That by reason of the foregoing, defendant/third-party plaintiff(s) will be liable to

fully indemnify this third-party defendant(s) for the amount of any recovery which may be

obtained herein by plaintiff(s) against this answering third-party defendant(s) or, in such amount

as a Court or jury may determine, together with the costs and disbursements of the action.

31.    That by reason of this section, this third-party defendant(s) has/have been and will

be put to costs and expenses, including attorneys' fees.

32.    That demand has been made upon defendant/third-party plaintiff to assume all

responsibilities under such agreement and said demand has been wrongfully refused.

## AS AND FOR A COUNTERCLAIM FOR COMMON LAW NEGLIGENCE AGAINST DEFENDANTS, 979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION AND TRICON CONSTRUCTION SERVICES, INC., THIS SECOND THIRD-PARTY DEFENDANT ALLEGES THE FOLLOWING:

33.    That if plaintiff(s) was (were) caused to sustain injuries and/or damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than the plaintiff's own, such damages were sustained in whole or in part by any reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission of defendant/third-party plaintiff(s), its agent(s), servant(s) and/or employee(s).

34.    Further, if plaintiff(s) should recover judgment against this answering third -party defendant(s), the defendant/third-party plaintiff(s) shall be liable to this third-party defendant on the basis of apportionment of responsibility for the alleged occurrence and this third-party defendant is entitled to contribution from and judgment over and against defendant/third-party plaintiff(s) for all or part of any verdict or judgment which plaintiff(s) may recover in such amounts as a jury or Court may direct.

35.    This third-party defendant(s) demands judgment dismissing the Complaint herein as to the answering third-party defendant(s), and further demands judgment over and against defendant/third-party plaintiff(s) for the amount of any judgment which may be obtained herein by plaintiff(s) against this answering third-party defendant(s) or in such amount as the Court or jury may determine, together with the costs and disbursements of the action.

WHEREFORE, defendant(s), demand(s) judgment dismissing the Complaint together with the costs and disbursements of this action.

Dated: New York, New York
July 7, 2008

Respectfully,

Kenneth B. Brown, Esq. (KBB 9641)
LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Second Third-Party Defendant
DAVID SUTHERLAND SHOWROOMS - NEW
YORK LLC
485 Lexington Avenue, 7th Floor
New York, NY  10017
(917) 778-6600
Matter No.:  0921679KB

To:
Hoey, King, Toker & Epstein
Attorneys for Defendants/
Second Third-Party Plaintiffs
D&D Building Company, LLC,
Cohen Brothers Realty Corporation and
979 Third Avenue Associates, LLC
55 Water Street, 29th Floor
New York, New York 10041-2899

Wagner & Wagner, LLP
Attorneys for Plaintiff
2508 Amboy Road
Staten Island, New York 10306

Abrams, Gorelick, Friedman & Jacobson, PC
Attorneys for Defendant/
Third-Party Plaintiff
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York 10004

All Kindza Flooring, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ARTHUR BELFIORE,

                               Plaintiff,

                -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                            Defendants.
-------------------------------------------------------------------------
TRICON CONSTRUCTION SERVICES, INC.,

                  Third-Party Plaintiff,

                -against-

ALL KINDZA FLOORING, INC.,

                  Third-Party Defendant.
-------------------------------------------------------------------------
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,

                  Second Third-Party Plaintiffs,

                -against-

DAVID SUTHERLAND SHOWROOMS – NEW YORK
LLC, and ALL KINDZA FLOORING, INC.,

                  Second Third-Party Defendants.
-------------------------------------------------------------------------X

                           **DEMAND FOR
                           INTERROGATORIES**

                           Case No.:  08 CV 2365

C O U N S E L O R S:

PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure, this

Second Third-Party Defendant DAVID SUTHERLAND SHOWROOMS – NEW YORK, LLC,

represented by their attorney the LAW OFFICE OF JOHN P. HUMPHREYS, demands that

plaintiff and third-party plaintiff serve upon it answers under oath to the following

Interrogatories within thirty (30) days after service hereof.

## DEFINITION AND INSTRUCTIONS

A.     As used herein, the term "date" means the month, day and year.

B.     As used herein, "document" or "documents" means any written, recorded, filmed

or graphic matter whether produced, reproduced on paper, cards, tapes, film, electronics,

facsimile, computer storage device or any other media which are or have been in the possession,

custody or control of the plaintiff, or other documents which are know by the plaintiff to exist.

C.     As used herein, the term "identify":

(i)     when sued with the reference to a natural person, means to set forth any
        identifying characteristic, including but not limited to the full name,
        present or last known business and home address, the present or last
        known profession or profession or profession affiliation, present or last
        known employers and position of such person, to the extent that such
        information is known by you;

(ii)    when used with reference to any particular person, the information is to
        be given only once;

(iii)   when used with reference to a corporation or business  enterprise, shall
        be construed as requesting its name, address and type of business;

(iv)    when sued with reference to a document, means setting forth  any
        identifying characteristics, including but not limited to:

        (a)     the date, type of document (e.g. letter,  memorandum, etc),
                author and addressee, each
                recipient of copies of each document and the title of
                same;

        (b)     present location of the document;

(c)     the name, address, business affiliation and title of the
persons with custody and/or control of the document; and,

(d)     the substantive terms thereof.  If any such document
is known to exist or to have existed but is no longer under
your control, state what disposition has been        made of it, by
whom  and the date thereof.

In lieu of providing such identification, you may       annex
to the Answer to these Interrogatories a true
and correct copy of any document you are asked to
identify.

D.     Reference to "you" means plaintiff, his agents, servants, employees and attorneys.

E.     Your answer to each Interrogatory should identify each document or "other
source" relied upon which forms the basis for which the answer given or which in any way
corroborates the answer given.  In identifying each document, each "other source" refers to
Paragraph "C" above.

F.     "Alleged occurrence" means the events described in plaintiff's Complaint which
resulted in the injuries allegedly sustained by plaintiff.

G.     "Injuries" as used herein are those which are claimed to have resulted from the
alleged occurrence.

H.     "And" and "Or" are to be construed in both the conjunctive and disjunctive.

I.     The use of the singular shall include the plural and the use of the plural shall
include the singular; the use of the male pronoun shall include the female pronoun.

J.     Whenever the term "product" is used in these Interrogatories, reference is being
made to the product(s) described in plaintiff's Complaint which form the basis of the action
against this party.

K.     The foregoing definitions form an integral part of each of the following
Interrogatories.

PLEASE TAKE FURTHER NOTICE that in the event you have no knowledge of any or all of the above, same shall be so stated.

PLEASE TAKE FURTHER NOTICE that these are continuing demands and supplemental responses up to the time the case is placed on the trial calendar are required.

PLEASE TAKE FURTHER NOTICE that in the event of your failure to furnish such a Interrogatories within the said period of thirty (30) days, a motion will be made for an order precluding you from giving any evidence at the trial of the above items for which particulars have not been delivered in accordance with said demand.

1.      Give the day, date and exact time of the occurrence alleged in the Third-Party Complaint.

2.      With respect to the location where it is alleged the occurrence took place, state:
  (a)   the address of the premises in, at or near where the occurrence took place;
  (b)   the location where the occurrence took place as nearly as may be stated so as to permit ready identification and location;
  (c)   with regard to any stairway involved, specify the location of the stairway and of the step from which plaintiff claims plaintiff fell (street or ground floor to be counted as the first floor);
  (d)   with regard to any sidewalk involved, the location of the condition on the sidewalk, setting forth the distance from the nearest curb or intersecting street or from the building line or from another      described fixed object;
  (e)   with regard to any other floor or other surface, the location thereof in sufficient detail to permit ready identification and location and by distance from at least three described fixed objects;
  (f)   the location within the premises of any involved equipment, part or appurtenance (describe in adequate detail to permit ready identification and location);
  (g)   with regard to any elevator involved, the specific elevator involved (if there were more than one) and on what floor (or between what floors) was (were) the elevator(s) at the time of the occurrence.

3.      Statement of the acts or omissions constituting the negligence claimed, if any, of this answering third-party defendant.

4.      If any dangerous or defective condition is alleged:

(a)    State the nature of the alleged dangerous or defective condition.

(b)    Set forth the exact location of the defect.

(c)    State whether it will be claimed that this answering third-party defendant had actual or constructive notice of said condition.

(d)    If actual notice is claimed, a statement of when and to whom same was given, stating the names and dates.

(e)    If it is alleged that this answering third-party defendant or the agents, servants and/or employees of this answering third-party defendant caused or created the condition, state the names of the persons who caused or created the condition and the dates when said condition was caused or created.

(f)    If constructive notice is claimed, state:

   (i)     nature of condition;

   (ii)    location of condition;

   (iii)   duration of condition with date of inception to date constructive notice will be claimed to be given this answering third-party defendant.

5.    If it is claimed that this answering third-party defendant breached any agreement, bailment, contract, lease, permit or warranty, or is liable pursuant to the terms of any agreement, bailment, contract, lease, permit or warranty:

(a)    State whether such agreement, bailment, contract, lease, permit or warranty was oral or in writing.

(b)    If oral:

   (i)     On what date was said agreement, bailment, contract, lease, permit or warranty entered into?

   (ii)    Where was it entered into?

   (iii)   Who acted on behalf of each party to it?

   (iv)    Set forth all of the terms and conditions of the agreement, bailment, contract, lease, permit or warranty.

(c)    If in writing, set forth a full, true and complete copy of the agreement, bailment, contract, lease, permit or warranty.

6.    State the manner in which it will be claimed that this answering third-party defendant breached its (their) agreement, bailment, contract, lease, permit or warranty.

7.    If strict liability is claimed against this answering third-party defendant, state:

(a)    the nature and basis of same;

(b)    the manner in which this answering third-party defendant is strictly liable.

8.    If a nuisance and/or trespass is claimed, state:

    (a)    condition allegedly constituting same;
    (b)    nature of said condition;
    (c)    length of time it was in existence prior to the date of the occurrence.

9.    If res ipsa loquitur is claimed against this answering third-party defendant, state the nature and basis of same.

10.    If it is claimed that this answering third-party defendant violated any law, ordinance, regulation, rule or statute, specify the title, chapter and section of the law, ordinance, regulation, rule or statute which it is alleged that the answering third-party defendant violated.

11.    Set forth each and every injury and/or condition allegedly sustained by each plaintiff as a result of the said occurrence indicating:

    (a)    Its nature, extent, location and duration;
    (b)    A complete description of any injury and/or condition claimed to be r esidual or permanent; and
    (c)    The name and address of each physician, dentist, osteopath, chiropractor, nurse, physiotherapist or other medical practitioner treating or examining the plaintiff; the date of each visit; and, whether treatment has ceased or is continuing.

12.    Give the length of time and specific dates it is claimed that each plaintiff was confined by reason of the alleged injuries:

    (a)    to bed;
    (b)    to house; and,
    (c)    if treated at or confined to a hospital or other medical facility, state the name and address thereof, and the dates of admission and discharge.  If not confined to a hospital or other medical facility, so state.

13.    State with respect to each plaintiff:

    (a)    Plaintiff's place and date of birth and social security number.  If plaintiff is a married woman, state maiden name.
    (b)    Plaintiff's occupation at the time of the occurrence, with a description of plaintiff's duties;
    (c)    The name and address of plaintiff's employer at the time of the alleged occurrence.

(d)    The daily or weekly earnings (gross and net) at the time of the occurrence.

(e)    If plaintiff was self-employed, set forth the business name and address of the plaintiff and the annual income (gross and net) of plaintiff from said business.

(f)    Whether the plaintiff was incapacitated from said employment; if so, the length of time including the specific dates that the plaintiff was allegedly incapacitated from attending to said employment.

(g)    If the plaintiff was a student, the name and address of the school attended and the dates, if any, when the plaintiff was absent from school.

14.    Set forth the total amounts claimed to have been spent or incurred by or on behalf of each plaintiff (setting forth the name of each provider of services along with the amount of the bill) for:

(a)    hospital, clinic or other medical institutions' expenses;

(b)    x-rays;

(c)    physicians' services;

(d)    nurses' services;

(e)    medical supplies;

(f)    loss of earnings and the basis of computation thereof; and,

(g)    amount and nature (describing in detail) of any other special damages claimed.

15.    Pursuant to Federal Rules of Civil Practice, demand is hereby made that you furnish the undersigned with a verified statement setting forth the post office address and residence of each plaintiff indicating the street and number as well as the city and state.

Dated: New York, New York
        July 07, 2008

Respectfully,

Kenneth B. Brown, Esq. (KBB 9641)
LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Second Third-Party Defendant
DAVID SUTHERLAND SHOWROOMS - NEW
YORK LLC
485 Lexington Avenue, 7th Floor
New York, NY 10017
(917) 778-6600
Matter No.: 0921679KB

To:
Hoey, King, Toker & Epstein
Attorneys for Defendants/
Second Third-Party Plaintiffs
D&D Building Company, LLC,
Cohen Brothers Realty Corporation and
979 Third Avenue Associates, LLC
55 Water Street, 29th Floor
New York, New York 10041-2899

Wagner & Wagner, LLP
Attorneys for Plaintiff
2508 Amboy Road
Staten Island, New York 10306

Abrams, Gorelick, Friedman & Jacobson, PC
Attorneys for Defendant/
Third-Party Plaintiff
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York 10004

All Kindza Flooring, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARTHUR BELFIORE,

                                        Plaintiff,                          COMBINED DEMANDS

                   -against-                                                Case No.:  08 CV 2365

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                                        Defendants.
------------------------------------------------------------------------
TRICON CONSTRUCTION SERVICES, INC.,

                              Third-Party Plaintiff,

                   -against-

ALL KINDZA FLOORING, INC.,

                              Third-Party Defendant.
------------------------------------------------------------------------
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,

                              Second Third-Party Plaintiffs,

                   -against-

DAVID SUTHERLAND SHOWROOMS – NEW YORK
LLC, and ALL KINDZA FLOORING, INC.,

                              Second Third-Party Defendants.
------------------------------------------------------------------------X

C O U N S E L O R S:

PLEASE TAKE NOTICE, that pursuant Federal Rules of Civil Procedure the undersigned hereby makes the following demands upon you, returnable at the office of the undersigned on the 8th day of August, 2008.

1.    Demand for the Names and Addresses of all Witnesses;

2.    Demand for Expert Information;

3.    Demand for the Discovery and Inspection of any Statement by or on behalf of a Party Represented by the Undersigned;

4.    Notice of Discovery and Inspection for Medical Information and Authorizations;

5.    Notice of Discovery and Inspection of Photographs;

6.    Notices of any liens and listings of all bills for medical providers submitted to Medicare/Medicaid; and

7.    Demand for Income Tax Returns.

8.    Demand for Collateral Source.

That, in lieu of the foregoing, you may submit readable photocopies of the aforesaid documents by mailing them to the Law Office of JOHN P. HUMPHREYS, 485 Lexington Avenue, 7th Floor, New York, N.Y. 10017, on or before the date the documents are to be produced.

<u>DEMAND FOR THE NAMES AND ADDRESS OF WITNESSES</u>

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demands, that you set forth in writing and under oath, the name and address of each person claimed by any party you represent, to be a witness to any of the following;

(a)    The occurrence alleged in the Complaint; or

(b)    Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint; or

(c)    Any actual notice allegedly given to defendant or any servant, agent or employee of defendant of any

condition which allegedly caused the occurrence
alleged in the Complaint; or

(d)    The nature and duration of any alleged condition which allegedly caused
the occurrence alleged in the Complaint.

If no such witnesses are known to you, so state in the sworn reply to this Demand.  The
undersigned will object upon trial to the testimony of any witnesses not so identified.

## DEMAND FOR EXPERT INFORMATION

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demands, that you set
forth, in writing and under oath, the following information for each party you represent, after
each expert is retained and prior to filing a Note of Issue:

(a)    The name and business affiliation of each expert witness each party will
call to testify at trial or whose opinion will be relied upon by any witness
testifying at trial and the qualifications of each such expert in the field in
which he will be offered to testify.

(b)    The substance of the facts and opinions on which each expert is expected
to testify.

(c)    Each factual basis for said expert's opinion.

(d)    The dates of all oral and written reports provided by each expert.

If no such witnesses are known to you, so state in the sworn reply to this Demand.  The
undersigned will object upon trial to the testimony of any witness not so identified.

## DEMAND FOR THE DISCOVERY AND INSPECTION
## OF ANY STATEMENT BY OR ON BEHALF OF A
## PARTY REPRESENTED BY THE UNDERSIGNED

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, on behalf of the
party it represents in this action, you produce at the time and place herein specified, and permit
the undersigned to discover, inspect and copy each and every statement made by or taken from
such party and its agents, servants or employees now in your possession, custody or control or in
the possession, custody or control of any party you represent in this action, if such statement in
any manner bears on the issues in this action.

NOTICE FOR DISCOVERY AND INSPECTION
FOR MEDICAL INFORMATION, ETC.

PLEASE TAKE FURTHER NOTICE, that pursuant Section 164.508 of the Federally mandated Health Insurance Portability and Accountability Act of 1996, (HIPAA), which became effective on April 14, 2003, all authorizations must be HIPAA compliant.

We hereby demand that you produce any and all HIPAA compliant authorizations (form provided) in addition to the authorizations demanded below.

PLEASE TAKE FURTHER NOTICE, you are required to produce and allow discovery to be made by this answering party of the following:

(a)     Copies of the medical reports of those physicians or other health providers who have previously treated, consulted or examined the party seeking recovery and who will testify in its behalf for any condition caused by or exacerbated by the occurrence alleged in the complaint. These shall include but not be limited to a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action

referring to and identifying those x-ray and technicians' reports which shall be offered at the trial of this action and the date of each such treatment, consultation and examination.

(b)     Duly executed and acknowledged written authorizations permitting this party to obtain and make copies of all hospital or other health care facility records including x-rays and technicians' reports as may be referred to and identified in the reports of that party's physicians and other health care providers.

(c)     Any and all other medical data (including CAT scans, MRI's, EEG's, EKG's, and other diagnostic tests) not hereinabove specifically referred to upon which you will rely upon or offer for consideration in the proceeding.

(d)     Any and all bills, invoices or receipts for treatment, medicines or appliances given for injuries or other physical conditions resulting from the occurrence referred to in the Complaint.

(e)     Fully executed and acknowledged written authorizations to obtain and copy No-Fault medical and wage records of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(f)     Fully executed and acknowledged written authorizations to obtain and copy Worker's Compensation records of each plaintiff from the date of the

occurrence alleged in the complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(g)     Fully executed and acknowledged written authorizations to obtain records of disability benefits pursuant to Social Security Laws of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

## DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS

PLEASE TAKE FURTHER NOTICE, that the undersigned demands on behalf of the party it represents in this action, you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy any and all photographs taken of the alleged scene or place of the occurrence and/or vehicles involved and complained of which are now in your possession, custody and control, or in the possession, custody and control of any party you represent in this action, if such photograph in any manner bears upon the issues in this action.

## DEMAND FOR NOTICES OF ANY LIENS AND LISTINGS OF ALL BILLS FOR MEDICAL PROVIDERS SUBMITTED TO MEDICARE/MEDICAID

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demands, pursuant to CPLR Section 3101(a), that you set forth in writing and under oath, the following information for each party you represent, and prior to filing a Note of Issue, the following collateral source providers/potential lien holders:

(a)     Medicare/Medicaid;

(b)     Workers Compensation;

(c)     Health Insurance;

(d)     Disability; and

(e)     Health Care Provider.

## DEMAND FOR INCOME TAX RETURNS

PLEASE TAKE FURTHER NOTICE, that the undersigned demands on behalf of the party it represents in this action that you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy the complete Income Tax returns for each party who is claiming or has claimed reimbursement for lost income due to the occurrence alleged in the Complaint for a three (3) year period preceding the date of the occurrence as alleged in the complaint. If said complete returns are not available, the undersigned is to be

furnished with full and complete authorizations to obtain same in a form accepted by the United States Department of Internal Revenue.

PLEASE TAKE FURTHER NOTICE, that all of the foregoing are continuing demands and that if any of the above items are obtained after the date of this Demand, they are to be furnished to the attorney for this party, pursuant to these demands.

<u>DEMAND FOR COLLATERAL SOURCE</u>

PLEASE TAKE NOTICE, that defendant requires that plaintiff produce for discovery, inspection and copying to undersigned counsel the following:

    (a)    Any and all books, records, bills, insurance applications, insurance receipts, cancelled checks, copies of checks and any and all other records pertaining to collateral source reimbursement received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant claim including, but not limited to, records of any person, institution, facility or government agency which has provided or will provide any reimbursement.

PLEASE TAKE FURTHER NOTICE, that in the event any of the requested documents and/or items do not exist, a verified statement to that effect is to be served on the undersigned on or before the aforesaid return date.

PLEASE TAKE FURTHER NOTICE, that this is a continuing demand notice and in the event any of the requested documents and/or items are obtained after the aforesaid return date, same are to be furnished to the undersigned within thirty (30) days after receipt.

PLEASE TAKE FURTHER NOTICE, that upon the failure to produce the requested documents and/or items on the date and at the time and place demanded, a Motion will be made for the appropriate relief.

Dated: New York, New York
       July 07, 2008

Respectfully,

Kenneth B. Brown, Esq. (KBB 9641)
LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Second Third-Party Defendant
DAVID SUTHERLAND SHOWROOMS - NEW
YORK LLC
485 Lexington Avenue, 7th Floor
New York, NY  10017
(917) 778-6600
Matter No.:  0921679KB

To:
Hoey, King, Toker & Epstein
Attorneys for Defendants/
Second Third-Party Plaintiffs
D&D Building Company, LLC,
Cohen Brothers Realty Corporation and
979 Third Avenue Associates, LLC
55 Water Street, 29th Floor
New York, New York 10041-2899

Wagner & Wagner, LLP
Attorneys for Plaintiff
2508 Amboy Road
Staten Island, New York 10306

Abrams, Gorelick, Friedman & Jacobson, PC
Attorneys for Defendant/
Third-Party Plaintiff
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York 10004

All Kindza Flooring, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARTHUR BELFIORE,

                                          Plaintiff,                        <u>NOTICE FOR</u>
                                                                       <u>DISCOVERY & INSPECTION</u>
                    -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D                      Case No.:  08 CV 2365
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                                          Defendants.
---------------------------------------------------------------------
TRICON CONSTRUCTION SERVICES, INC.,

                              Third-Party Plaintiff,

                    -against-

ALL KINDZA FLOORING, INC.,

                              Third-Party Defendant.
---------------------------------------------------------------------
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,

                              Second Third-Party Plaintiffs,

                    -against-

DAVID SUTHERLAND SHOWROOMS – NEW YORK
LLC, and ALL KINDZA FLOORING, INC.,

                              Second Third-Party Defendants.
------------------------------------------------------------------------X

        PLEASE TAKE NOTICE, that pursuant to Federal Rules of Civil Procedure, that
all parties, are hereby required to produce for discovery, inspection and copying, at the offices of
LAW OFFICE OF JOHN P. HUMPHREYS, 485 Lexington Avenue, 7th Floor, New York, New
York 10017, with 30 days of the date of this Notice at 10:00 a.m., the following:

1.    Copies of all contracts including riders, addendums and specification between the third-party plaintiff and third-party defendant for work performed at the premises located at **979 Third Avenue, New York, New York**.

2.    Copies of contracts between the defendant and any other entity that performed work at the premises located at **979 Third Avenue, New York, New York**.

3.    Copies of contracts between any and all parties and any other entity that performed work at the premises located at **979 Third Avenue, New York, New York**.

4.    Copies of daily logs of the defendant for three (3) months prior to the date of accident, **November 22, 2005**.

5.    Copy of all blueprints, drawings or plans used by the third-party plaintiff for work performed or supplied by the third-party defendant to any other entity for work performed at the premises located at **979 Third Avenue, New York, New York**.

6.    Copies of all progress photos for the area, as more fully described in plaintiff's complaint and Bill of Particulars, wherein it is alleged the plaintiff sustained his injuries.

7.    Copies of all photos of the scene of the occurrence or of the instrumentalities involved in the occurrence as more fully described in plaintiff's complaint and Bill of Particulars.

8.    Copies of all progress records of the defendant for three (3) months prior to the date of the accident.

9.    Copies of all site safety meeting minutes of the third-party plaintiff for three (3) months prior to the date of accident, or in which the third-party defendant participated.

10.    Copies of all statements of third-party defendant its agents, servants or employees in the possession of any party, their agents, servants, employers or counsel.

11.    Copy of any accident report of this incident prepared in the regular course of business.

12.    The names and addresses of any <u>witnesses</u>:

(A)    to the occurrence and/or events complained of in the complaint;

(B)    having knowledge of:

    1)    any wrongful act, error or admission allegedly committed or omitted by:

  (a)  each answering defendant;

    (b)  any other party in this action; and

    (c)  any person or party not named in this action.

2.  any allegedly dangerous or defective condition with respect to any premise, instrumentality or device.

3.  the condition of the premises, instrumentality or device complained of in this action:

  (a)  on the date of the occurrence;

  (b)  within six months prior to the date of the occurrence;

  (c)  at any time subsequent to the occurrence.

If you are unaware of any witnesses at this time, at this time, please provide a statement to that effect.

13.  Pursuant to Federal Rules of Civil Procedure, the names and addresses and qualifications of any <u>expert witnesses</u> to be called at trial and the subject matter, the substance of facts and opinions, and a summary of the grounds for the opinions on which he or she is expected to testify.

14.  Copies of any Workers' Compensation accident report prepared by plaintiff's employer with respect to the accident herein alleged.

15.  Copies of any written notice of defect or of the condition complained of in as more fully described in plaintiff's complaint and Bill of Particulars.

16.  Copies of any punch lists or requests for additional work of the third-party defendant that were either received by the third-party defendant or for any condition that was corrected by the third-party defendant for three (3) months prior to the date of accident.

17.  Any and all work or building permits applied for and/or issued together with the applications therefore pertaining to the accident site herein.

18.  Records of all maintenance, inspections and repairs of the scene of the accident and defective conditions complained of herein performed, requested, assigned, authorized and/or contracted for, by or on behalf of the party you represent during a two year period up to and including the date of the accident herein, including but not limited to (1) inspection, logs, (2) maintenance logs, and (3) incident reports.

19.  Each prior notice received by the party you represent of the defective condition complained of in the complaint during a two year period up to and including the

date of accident. If no such notice was received by the party you represent, so state in the sworn reply to this demand.

20.    Each of the following items relating to prior claims:

        a.    Notice of claim of prior accidents due to the defective condition alleged in this action during a two year period up to and including the date of the accident;

        b.    Reports and records of prior accidents due to the defective condition alleged in this action during a two year period up to and including the date of the accident.

21.    A copy of (a) each and every primary, contributing and excess insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, (b) each and every insurance agreement in which the insurer is obligated to defend this action and (c) the certificates of insurance issued to the third-party defendant.

22.    Copy of the OSHA Log of Occupational Injuries and Illnesses for each injury or illness suffered by the within plaintiff for two years prior to the date of the within accident.

      PLEASE TAKE FURTHER NOTICE, that upon your failure to produce the aforedescribed items at the time and place mentioned in this Notice, a Motion will be made for the appropriate relief. In lieu of strict compliance with the aforementioned conditions, the undersigned will accept clearly legible copies of said items if received on or prior to the return date of this Notice.

Dated: New York, New York
      July 07, 2008

                      Respectfully,

                      Kenneth B. Brown, Esq. (KBB 9641)
                      LAW OFFICE OF JOHN P. HUMPHREYS
                      Attorneys for Second Third-Party Defendant
                      DAVID SUTHERLAND SHOWROOMS - NEW YORK LLC
                      485 Lexington Avenue, 7th Floor
                      New York, NY 10017
                      (917) 778-6600
                      Matter No.: 0921679KB

To:
Hoey, King, Toker & Epstein
Attorneys for Defendants/
Second Third-Party Plaintiffs
D&D Building Company, LLC,
Cohen Brothers Realty Corporation and
979 Third Avenue Associates, LLC
55 Water Street, 29th Floor
New York, New York 10041-2899

Wagner & Wagner, LLP
Attorneys for Plaintiff
2508 Amboy Road
Staten Island, New York 10306

Abrams, Gorelick, Friedman & Jacobson, PC
Attorneys for Defendant/
Third-Party Plaintiff
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York 10004

All Kindza Flooring, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ARTHUR BELFIORE,

                                                    Plaintiff,

                    -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION and TRICON
CONSTRUCTION SERVICES, INC.,

                                                    Defendants.
-------------------------------------------------------------------
TRICON CONSTRUCTION SERVICES, INC.,

                                        Third-Party Plaintiff,

                    -against-

ALL KINDZA FLOORING, INC.,

                                        Third-Party Defendant.
-------------------------------------------------------------------
979 THIRD AVENUE ASSOCIATES, LLC, D&D
BUILDING COMPANY, LLC, COHEN BROTHERS
REALTY CORPORATION,

                                    Second Third-Party Plaintiffs,

                    -against-

DAVID SUTHERLAND SHOWROOMS – NEW YORK
LLC, and ALL KINDZA FLOORING, INC.,

                                    Second Third-Party Defendants.
-------------------------------------------------------------------------X

NOTICE OF DEPOSITION

Case No.:  08 CV 2365

COUNSELORS:

PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein at time and place stated below:

TO BE DEPOSED:  All parties
LOCATION:  To be determined

On 23rd day of September, 2008, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

That the said person to be examined is required to produce at such examination all papers, records and other data pertaining to this matter.

Dated: New York, New York
       July 07, 2008

Respectfully,

Kenneth B. Brown, Esq. (KBB 9641)
LAW OFFICE OF JOHN P. HUMPHREYS
Attorneys for Second Third-Party Defendant
DAVID SUTHERLAND SHOWROOMS - NEW
YORK LLC
485 Lexington Avenue, 7th Floor
New York, NY  10017
(917) 778-6600
Matter No.:  0921679KB

To:
Hoey, King, Toker & Epstein
Attorneys for Defendants/
Second Third-Party Plaintiffs
D&D Building Company, LLC,
Cohen Brothers Realty Corporation and
979 Third Avenue Associates, LLC
55 Water Street, 29th Floor
New York, New York 10041-2899

Wagner & Wagner, LLP
Attorneys for Plaintiff
2508 Amboy Road
Staten Island, New York 10306

Abrams, Gorelick, Friedman & Jacobson, PC
Attorneys for Defendant/
Third-Party Plaintiff
Tricon Construction Services, Inc.
One Battery Park Plaza, 4th Floor
New York, New York 10004

All Kindza Flooring, Inc.

STATE OF NEW YORK                              AFFIDAVIT OF SERVICE
COUNTY OF NEW YORK                                  BY MAIL

     I, ROSANNA SERENO, being duly sworn, deposed and says that deponent is a secretary of the LAW OFFICE OF JOHN P. HUMPHREYS, attorneys for one of the parties herein; is over 18 years of age; is not a party to the action. The deponent served the papers noted below by regular mail, the same securely enclosed in the postage paid wrapper in the Letter Box maintained and exclusively controlled by the United States Postal Service at 485 Lexington Avenue, New York, New York 10017; directed to the said attorney(s) at the address indicated below; that being the address within the state designated by said attorney(s) for that purpose, or the place where said attorneys(s) then kept an office, between which places there then was and now is a regular communication by mail as follows:

Date mailed:       July 10, 2008

Re:            Belfiore v. 979 Third Avenue Associates, et al.

Papers Served:    Answer to Amended Second Third-Party Complaint, Demand for Interrogatories, Combined Demands, Notice for Discovery & Inspection and Notice of Deposition

To:
Hoey King Toker & Epstein
55 Water Street, 29th Floor
New York, New York 10041

Wagner & Wagner, LLP
2508 Amboy Road
Staten Island, New York 10306

Abrams Gorelick Friedman & Jacobson, PC
One Battery Park Plaza, 4th Floor
New York, New York 10004

All Kindza Flooring, Inc.
c/o Donna Connelly
484 Hawkins Avenue
Ronkonkoma, New York 11779

_Rosanna Sereno_
ROSANNA SERENO

Sworn to before me this
10th day of July, 2008

_Lamberto Q. Sese_
Notary Public

LAMBERTO Q. SESE
Notary Public, State of New York
No. 01SE6080713
Qualified in New York County
Commission Expires September 23, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Index No. :08 CV 2365

ARTHUR BELFIORE,

                                                    Plaintiff(s),

                        -against-

979 THIRD AVENUE ASSOCIATES, LLC, D&D BUILDING
COMPANY, LLC, COHEN BROTHERS REALTY CORPORATION
AND TRICON CONSTRUCTION SERVICES, INC.,

                                                    Defendant(s).

AND THIRD-PARTY ACTION

## ANSWER TO AMENDED SECOND THIRD-PARTY COMPLAINT, DEMAND FOR INTERROGATORIES, COMBINED DEMANDS, NOTICE FOR DISCOVERY & INSPECTION and NOTICE FOR DEPOSITION

Law Office of
JOHN P. HUMPHREYS

Attorneys for Defendant
DAVID SUTHERLAND  SHOWROOMS - NEW YORK LLC
Office & P.O. Address
485 Lexington Avenue, 7th Floor
New York, New York 10017

Tel. No.: (917) 778-6600
Fax No.: (917) 778-7020
(917) 778-7022

TO:

Service of a copy of the within                              is hereby admitted.

Dated:                          _____
                                Attorney(s) for

NOTICE OF ENTRY:

        PLEASE TAKE NOTICE that the within is a true copy of an order entered in office of the Clerk of the above
Court on the ____ day of _____ 200 .

NOTICE OF SETTLEMENT:

        PLEASE TAKE NOTICE that the within proposed order will be presented for settlement and entry at the
Courthouse on the _____ day of _____ 200 , at 10:00 a.m. at the office of the Clerk of the Part of this Court
where the within described motion was heard.

Dated:     New York, New York              Law Office of
                                           JOHN P. HUMPHREYS
                                           Attorneys for Defendant(s)
                                           As Designated Above